SKOTAK v VIC TANNY INTERNATIONAL, INC

Docket No. 146857. Submitted December 8, 1993, at Detroit. Decided February 8, 1994, at 10:10 A.M. Leave to appeal sought.

Deborah Skotak, individually and as personal representative of the estate of James A. Skotak, brought an action in the Wayne Circuit Court against Vic Tanny International, Inc., seeking damages for James' death from a heart attack suffered while in the steam room of the defendant's Plymouth facility and alleging that the defendant was negligent in failing to ensure that its staff was trained to respond to such emergencies. The court, John R. Kirwan, J., granted summary disposition for the defendant on the basis of a release contained in the membership contract signed by the decedent that he as a member agreed that the defendant would not be liable for "any and all claims, demands, damages, rights of action, or causes of action . . . arising out of the Member's . . . use of the . . . facilities." The plaintiff appealed.

The Court of Appeals held:

The release evidences the defendant's express intention to disclaim liability for all negligence, including its own. The language is broad enough to include any negligence with respect to the defendant's training and supervision of its employees. Because the only factual development that could preclude the application of the release would be to show that the release was obtained by fraud or overreaching conduct and the plaintiff waived that issue by failing to argue it, the trial court properly granted summary disposition.

Affirmed.

*Trenta & Counsman* (by *Thomas J. Trenta* and *Richard T. Counsman*), for the plaintiff.

*Lupo, Koczkur & Petrella, P.C.* (by *Paul S. Koczkur* and *Sandra M. Vozza*), for the defendant.

Before: CAVANAGH, P.J., and BRENNAN and R. A. BENSON,* JJ.

PER CURIAM. Plaintiff, Deborah Skotak, brought suit against defendant, Vic Tanny International, Inc., on various counts, including negligence. The circuit court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) (claim barred by release). Plaintiff appeals as of right from the circuit court's final order, and we affirm.

Plaintiff alleged that her decedent, James Skotak, a member of defendant health club, suffered a fatal heart attack while sitting in the steam room at defendant's Plymouth, Michigan, facility. She further alleged that defendant was negligent in failing to ensure that its staff was trained to respond to such emergencies (and, in particular, to administer cardiopulmonary resuscitation).

The circuit court granted defendant's motion for summary disposition, finding the claim barred by a release clause contained in the membership contract entered into by the decedent and defendant. The issue on appeal is whether the motion for summary disposition was properly granted.

When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court accepts all of the plaintiff's well-pleaded allegations as true and construes them most favorably to the plaintiff. We must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should be granted only if no factual development could provide a basis for recovery. *Dedes v South Lyon Community Schools,* 199 Mich App 385, 388; 502 NW2d 720 (1993), lv gtd 444 Mich 895 (1993).

It is not contrary to this state's public policy for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a party to contract against liability for damages caused by its own ordinary negligence. *Dombrowski v City of Omer,* 199 Mich App 705, 709; 502 NW2d 707 (1993); *Paterek v 6600 Ltd,* 186 Mich App 445, 448; 465 NW2d 342 (1990); *Chrysler Corp v Brencal Contractors, Inc,* 146 Mich App 766, 772-774; 381 NW2d 814 (1985). The validity of a contract of release turns on the intent of the parties. To be valid, a release must be fairly and knowingly made. A release is invalid if (1) the releasor was dazed, in shock, or under the influence of drugs, (2) the nature of the instrument was misrepresented, or (3) there was other fraudulent or overreaching conduct. *Dombrowski, supra; Paterek, supra* at 449.

The contractual language at issue in this case provides as follows:

F. By the use of the facilities of Seller and/or by the attendance at any of the gymnasiums owned by Seller, the Member expressly agrees that Seller shall not be liable for any damages arising from personal injuries sustained by the Member or his guest in, on or about the premises of the said gymnasiums or as a result of their using the facilities and the equipment therein. By the execution of this agreement Member accepts full responsibility of [sic] any such injuries or damages which may occur to the Member or guest in, on or about the premises of the said gymnasiums and further agrees that Seller shall not be liable for any loss or theft of personal property. Member assumes full responsibility for any injuries, damages or losses which may occur to Member or guest, in, on or about the premises of said gymnasiums and does hereby fully and forever release and discharge Seller and all associated gymnasiums, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action, present or future, whether the same be known or unknown, anticipated, or unanticipated,

resulting from or arising out of the Member's or his guests [sic] use or intended use of the said gymnasiums or the facilities and equipment thereof.

We reject plaintiff's claim that the quoted provision is ambiguous. The inclusive language, "any and all claims, demands, damages, rights of action, or causes of action, . . . arising out of the Member's . . . use of the . . . facilities," clearly expresses defendant's intention to disclaim liability for all negligence, including its own. See *Pritts v JI Case Co,* 108 Mich App 22, 29-31; 310 NW2d 261 (1981). Thus, the interpretation of the contract was a question of law for the court to decide. *In Re Loose,* 201 Mich App 361, 366; 505 NW2d 922 (1993).

Plaintiff concedes that the provision quoted above releases defendant from liability for slip and fall injuries or injuries sustained as a result of improper use of fitness equipment, but contends that the language does not extend to negligent training and supervision. We fail to see how such a line can be drawn. We do not believe that the risk that medical assistance might not be available is somehow less foreseeable than the danger of a slip and fall injury. In any event, there is no broader classification than the word "all." In its ordinary and natural meaning, the word "all" leaves no room for exceptions. *Pritts, supra* at 30. Therefore, assuming that defendant was negligent in failing adequately to train and supervise its employees, any claim arising out of that negligence would be barred by the release clause the decedent signed.[1]

[1] We express no opinion with respect to whether defendant owed a duty to the decedent to train and supervise its staff to respond to medical emergencies. Such a determination is unnecessary in light of our holding that plaintiff's claim is barred.

In this case, the only factual development that could lead to a conclusion that the release was invalid would be a showing of fraudulent or over-reaching conduct, because the record contains no allegation that the decedent was not of sound mind when he signed the membership contract or that defendant misrepresented the nature of the contract. *Paterek, supra.* However, plaintiff does not argue this point in her brief. We therefore conclude that she has waived any claim of fraud. *Midland v Helger Construction Co,* 157 Mich App 736, 745; 403 NW2d 218 (1987).

Accordingly, the motion for summary disposition was properly granted. *Dedes, supra.*

Affirmed.