UNIVERSAL GYM EQUIPMENT, INC v VIC TANNY
INTERNATIONAL, INC

Docket No. 157313. Submitted May 18, 1994, at Detroit. Decided
November 7, 1994, at 9:10 A.M.

Universal Gym Equipment, Inc., brought an action in the Oak-
land Circuit Court against Vic Tanny International, Inc., and
Vic Tanny of Greater Michigan, Inc., seeking contribution and
indemnification following its settlement of an action for injuries
brought by a member of a Vic Tanny health club. The club
member had sued Universal, maker of the exercise machine
that she had been using when she was injured, but did not sue
Vic Tanny because of a release provision in the health club
membership contract. Universal's complaint and first amended
complaint alleged that Vic Tanny negligently failed to main-
tain its premises in a safe condition and, thus, had an obliga-
tion to contribute toward or to indemnify against the settle-
ment with the injured club member. The trial court, Deborah
G. Tyner, J., denied Universal's motion to file a second
amended complaint that alleged gross negligence and, thereaf-
ter, granted summary disposition for Vic Tanny on the basis
that both contribution and indemnification were precluded by
the release provision in the membership contract. Universal
appealed.

The Court of Appeals *held:*

1. To the extent that the release provision in the membership
contract purports to release Vic Tanny from liability for its
own ordinary negligence, the release is not contrary to public
policy and is enforceable; however, to the extent that it pur-
ports to release Vic Tanny from liability for grossly negligent
conduct, it violates Michigan public policy and is not enforce-
able.

2. Because motions to amend a complaint should be granted

REFERENCES

Am Jur 2d, Contribution §§ 68, 69, 72; Release §§ 14, 29.
Release of (or covenant not to sue) master or principal as affecting
liability of servant or agent for tort, or vice versa. 92 ALR2d 533.

liberally, and because the reasons for the trial court's denial of the motion to amend are not apparent on the record, the denial of the motion to amend must be reversed and the matter must be remanded for a new hearing on that motion.

3. By statute, MCL 600.2925a; MSA 27A.2925(1), a party against whom a claim of contribution with respect to a settlement is brought may assert any defense that might have been raised with respect to the underlying claim. Accordingly, Vic Tanny can raise the release as a defense to Universal's claim of contribution to the extent that the claim is based on ordinary negligence. However, the release may not be raised with respect to any claim based on gross negligence that might be allowed following the hearing on remand.

4. Because Universal's claim of indemnification was not based on an express contractual agreement and because the underlying claim against Universal did not allege vicarious liability, a claim of indemnification did not lie, and the trial court properly granted summary disposition with respect to that claim.

Affirmed in part, reversed in part, and remanded.

1. NEGLIGENCE — RELEASE — GROSS NEGLIGENCE — PUBLIC POLICY.

A release in a membership contract that purports to release an athletic club from liability for injuries suffered by a member as a result of the club's ordinary negligence is not contrary to the public policy of this state and is enforceable; however, to the extent the release purports to release the club from liability for gross negligence, it is contrary to public policy and is not enforceable.

2. CONTRIBUTION — RELEASE — SETTLEMENT.

A release executed in favor of an athletic club by a member of the club for injuries suffered by the member may be asserted by the club as a defense in an action for contribution by a manufacturer of athletic equipment that has been sued by and settled with the member to the extent that the release could be raised as a defense by the club in an action brought against it by the member (MCL 600.2925a; MSA 27A.2925[1]).

*Barbier & Barbier, P.C.* (by *Ralph W. Barbier, Jr.*), for the plaintiff.

*Petersmarck, Callahan, Bauer & Maxwell, P.C.* (by *Richard W. West*), for the defendants.

Before: Michael J. Kelly, P.J., and Corrigan and C. D. Corwin,* JJ.

Michael J. Kelly, P.J. Plaintiff appeals as of right a circuit court order granting defendants' motion for summary disposition under MCR 2.116(C)(7) and (8) and dismissing plaintiff's complaint for contribution and indemnification following settlement of an underlying suit against plaintiff by a third party. We affirm in part, reverse in part, and remand.

I

On March 13, 1990, Catherine Ostroski filed suit against plaintiff Universal Gym Equipment, Inc., after she was injured at a Vic Tanny health club while using an exercise machine manufactured by Universal. Ostroski alleged that Universal was at fault. Because of a release provision in her health club membership contract, Ostroski did not name Vic Tanny as a defendant. However, Vic Tanny was aware of the proceedings and was requested to participate in settlement negotiations. On November 4, 1991, Ostroski reached a settlement agreement with Universal for $225,000.

On July 1, 1991, Universal initiated separate proceedings in a complaint against Vic Tanny alleging that Vic Tanny was liable for failure to maintain safe premises and had an obligation to indemnify against or to contribute toward any settlement between Universal and Ostroski. Universal filed an amended complaint after settlement with Ostroski. On July 6, 1992, Vic Tanny filed a motion for summary disposition, which the circuit court granted on September 15, 1992, on the basis that Vic Tanny could not be liable for contribution

---

* Circuit judge, sitting on the Court of Appeals by assignment.

or indemnification where it had a valid defense under the release provision.

## II

Universal first argues that the circuit court erred in granting summary disposition of its contribution claim because the release provision in Ostroski's membership contract was unenforceable as against public policy. Alternatively, Universal contends that any defense provided by the release clause in an action between Vic Tanny and Ostroski was insufficient to bar recovery by Universal in a separate action for contribution against Vic Tanny.

## A

With respect to the first argument, Universal now concedes that the release clause is enforceable in cases of ordinary negligence in light of this Court's recent decision in *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616; 513 NW2d 428 (1994). There, the Court upheld the validity of an identical clause, recognizing that "[i]t is not contrary to this state's public policy for a party to contract against liability for damages caused by its own ordinary negligence." *Id.* at 617-618. The Court also found that the release provision "clearly expresses [Vic Tanny's] intention to disclaim liability for all negligence, including its own." *Id.* at 619.

The *Skotak* Court did not address the enforceability of the release clause with respect to a claim of gross negligence. Universal argues that a preinjury release provision absolving a party from liability for grossly negligent conduct violates Michigan public policy. We agree. See *Klann v Hess Cartage Co,* 50 Mich App 703, 706; 214 NW2d 63

(1973); *Island Creek Coal Co v Lake Shore, Inc,* 692 F Supp 629, 633 (WD Va, 1988) (applying Michigan law). See also *Sommer v Federal Signal Corp,* 79 NY2d 540, 554; 583 NYS2d 957; 593 NE2d 1365 (1992). Universal claims that Vic Tanny was grossly negligent in failing to maintain the exercise equipment and to train its employees and members regarding proper use of the equipment. Although Universal's original complaint did not sound in gross negligence, it filed a motion for a second amended complaint that did include allegations of gross negligence. The trial court denied the motion, but Vic Tanny's response to the motion and the order denying the motion are missing from the record. Because motions to amend a complaint are accorded great liberality, see MCR 2.118, and because the grounds for the trial court's denial of the motion in this case remain a mystery, we reverse the order of denial and remand for a new hearing on the motion to file a second amended complaint. If the trial court grants the motion it shall allow further proceedings on the claim of gross negligence. If it denies the motion it shall specify the reasons and grounds for the denial.

B

The issue still remaining is whether Vic Tanny may invoke the release provision as a defense against Universal's contribution claim if its conduct amounted to ordinary negligence.

Because this is an issue of first impression in Michigan, plaintiff relies in part on the opinion of the New York Court of Appeals in *Sommer, supra,* which found a similar release clause wholly unenforceable against a third-party contribution claimant. We consider the analysis in *Sommer* inappo-

site because we are constrained by the Michigan contribution statute, MCL 600.2925a *et seq.*; MSA 27A.2925(1) *et seq.*, to reach a different result.

The *Sommer* court addressed the enforceability of an exculpatory clause in a contract between a fire alarm monitoring service and its customer in a contribution action against the monitoring service by third parties. Although the Court found the release clause violative of public policy only in cases of gross negligence, it went on to hold that the provision did not provide a defense to the contribution claim even in cases of ordinary negligence:

> In contribution cases, we have drawn a distinction between the absence of *liability* to an injured party, and the absence of a *duty*. Often, the absence of direct liability to plaintiff is merely the result of a special defense, such as the Statute of Limitations or the exclusivity of workers' compensation, and not because defendant was free of fault. In such cases, we have held that codefendants may seek contribution from the joint wrongdoer, despite the wrongdoer's own defense to plaintiff's claim. This principle is fully in accord with the rationale of *Dole* [*v Dow*, 30 NY2d 143; 331 NYS2d 382; 282 NE2d 288 (1972)], which promotes equitable distribution of the loss in proportion to actual fault. [79 NY2d at 558 (Citations omitted; emphasis in original.]

See also *Moyses v Spartan Asphalt Paving Co*, 383 Mich 314; 174 NW2d 797 (1970); *Caldwell v Fox*, 394 Mich 401, 419-420; 231 NW2d 46 (1975) (noting that *Moyses* "returned the doctrine of contribution among non-intentional wrongdoers to the original equitable rules").

The *Sommer* court further explained that the defendant's exculpatory provision in that case was "akin to a special defense that does not affect the

codefendants' ability to obtain contribution." 79 NY2d 558.

> Although [the defendant's] direct *liability* to [the plaintiff in the underlying action] (by virtue of the exculpatory clause) is triggered only upon gross negligence, its *duty* is to avoid ordinary negligence. Upon breach of that duty, fairness requires that [the defendant] contribute to the judgment in proportion to its culpability. [*Id.* Emphasis in original.]

Perhaps most persuasive was the court's observation that "it would be patently unfair to abrogate the [codefendants'] right to contribution based on an exculpatory clause to which they were not a party." *Id.* In this case, Universal was not a party to the membership agreement between Vic Tanny and Ostroski. By asserting the release provision as a defense to the contribution claim, Vic Tanny is able to shift all claims to Universal without its prior knowledge or consent.[1]

Nonetheless, Vic Tanny contends that the language of the contribution statute, enacted after *Moyses, supra,* dictates a different result from that which we would reach under the rationale of *Sommer.* Reluctantly, we agree.

MCL 600.2925a; MSA 27A.2925(1) provides in pertinent part:

> (3) A tort-feasor who enters into a settlement agreement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:
> (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.

---

[1] The effect on Vic Tanny's insurability for such risks is not before us, but certainly an underwriter would weigh these risks in estimating premiums.

(b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.

(c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.

(d) The settlement was not made in good faith.

(4) In an action to recover contribution commenced by a tort-feasor who has entered into a settlement, the defendant may assert the defenses set forth in subsection (3) *and any other defense he may have to his alleged liability for such injury or wrongful death.* [Emphasis added.]

Vic Tanny contends that the release provision qualifies as "any other defense," thereby exonerating it from liability for contribution. We agree that the plain language of the statute cannot be read any other way. The reference to a defendant's "alleged liability for such injury or wrongful death" clearly refers to liability to the injured party. The statute allows the defendant to apply "any" defense available against such liability to the contribution claim. Where the language of a statute is clear, the Legislature must have intended the meaning plainly expressed, and the statute must be enforced as written. *Gebhardt v O'Rourke,* 444 Mich 535, 541-542; 510 NW2d 900 (1994). In this case, the release clause effectively provides Vic Tanny with a defense against liability to Ostroski if its conduct constituted ordinary negligence.

Accordingly, while we remand for further proceedings, we conclude that Vic Tanny may be liable for contribution only for gross negligence.

III

Universal also argues that summary disposition

was improper with respect to its indemnification claim. We disagree.

In *Williams v Litton Systems, Inc,* 433 Mich 755, 760; 449 NW2d 669 (1989), the Supreme Court held that an action for indemnification can be maintained only on the basis of an express contract or, in the case of common-law or implied contractual indemnification, by a party who is free from negligence or fault. In addition, where the complaint in the underlying action does not contain allegations of derivative or vicarious liability, a claim of implied indemnification is precluded. *Employers Mutual Casualty Co v Petroleum Equipment, Inc,* 190 Mich App 57, 65-66; 475 NW2d 418 (1991); *Hadley v Trio Tool Co,* 143 Mich App 319, 331; 372 NW2d 537 (1985).

Universal's indemnification claim is not based on an express contractual agreement. Further, Ostroski's complaint in the underlying action alleged active negligence on the part of Universal. Universal argues that, if the matter had proceeded to trial, the evidence would have shown that Vic Tanny improperly maintained its facilities and failed to apply a warning sticker. Where, as here, there are no allegations of vicarious liability and the party seeking indemnification disputes its own active negligence, it must do so against the plaintiff in the underlying action. See *Gruett v Total Petroleum, Inc,* 182 Mich App 301, 307; 451 NW2d 608 (1990), rev'd on other grounds 437 Mich 876 (1990). Accordingly, the circuit court properly granted Vic Tanny's motion for summary disposition of the indemnification claim.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction if the motion to file a second amended complaint is granted. We do retain jurisdiction if it is denied.