**OAKWOOD HOSPITAL AND MEDICAL CENTER, Plaintiff,**

v.

**GOODWIN ELECTRONICS, Defendant.**

No. 99–CV–73579–DT.

United States District Court, E.D. Michigan, Southern Division.

Dec. 21, 2001.

Michael D. Dolenga, Bingham Farms, MI, for Oakwood Hospital and Medical Center.

Thomas R. Bowen, Troy, MI, for Goodwin Electronics.

## *OPINION*

DUGGAN, District Judge.

On July 17, 1999, Plaintiff filed this action seeking indemnification and contribution from Defendant. On October 11, 2001, Defendant filed a motion for summary judgment, and on October 19, 2001, Plaintiff filed a motion for leave to file an amended complaint. A hearing was held on December 20, 2001. For the reasons that follow, Defendant's motion for summary judgment shall be granted, and Plaintiff's motion to amend shall be denied.

### Background

On May 8, 1999, Milton and Annette Moton commenced an action in the Wayne County Circuit Court against Oakwood Hospital and Medical Center ("Oakwood") alleging that a television unit fell from a wall at Oakwood Hospital and struck Mr. Moton while he was recuperating in his hospital room. On July 17, 1999, Oakwood Hospital and Medical Center brought this action for indemnity and contribution against Defendant Goodwin Electronics ("Goodwin") alleging that Defendant installed the television set in question.

In seeking indemnification and contribution, Plaintiff alleges that Defendant installed the television set in room 750 that allegedly fell on Mr. Moton. In 1991 and 1992, Goodwin bid on and received two separate installation jobs at Oakwood to install television sets in various hospital rooms. (*See* Def.'s Mot., Exs. C & D). Oakwood paid for those jobs in 1991 and 1992. The parties agreed that Goodwin would be paid in full upon completion of each of the jobs. (*Id.*). The final payment for the first installation job was made on June 13, 1991, and the final payment for the second installation job was made on June 18, 1992. (*See* Def.'s Mot., Exs. C & D). Richard Goodwin, the owner of Goodwin, states that Goodwin did not perform any work at Oakwood Hospital subsequent to 1992. (*See* Goodwin Aff. ¶ 4).

On October 11, 2001, Defendant Goodwin filed a motion for summary judgment. A hearing was held on December 20, 2001. In that motion, Goodwin denies installing the television set at issue and further asserts that even if it had installed the set, the latest installation was performed and accepted by Oakwood no later than 1992. Goodwin further contends that because Oakwood did not file suit until June 17, 1999, over six years after the alleged installation was accepted by Oakwood, that Oakwood's suit is barred by Michigan's statute of repose, MICH. COMP. LAWS § 600.5839(1). In the motion, Goodwin also contends that Oakwood fails to state a claim for indemnity or contribution under Michigan law.

Plaintiff's original complaint contained only two counts: "Count I—Contractual Indemnification/Contribution," and "Count II—Common Law Indemnification/Contri-

bution." On October 19, 2001, Plaintiff filed a motion for leave to file an amended complaint. The amended complaint Plaintiff seeks to file contains the following twenty counts:

Count I: "Statutory Contribution,"

Count II: "Common Law Indemnification,"

Count III: "Express Indemnity,"

Count IV: "Implied Indemnity/Implied in Contract,"

Count V: "Implied Indemnity/Implied Contractual Indemnity,"

Count VI: "Implied Indemnity/Special Relationship,"

Count VII: "Negligence,"

Count VIII: "Michigan Consumer Protection Act (MCPA),"

Count IX: "Common Law Fraud and Misrepresentation,"

Count X: "Innocent Misrepresentation,"

Count XI: "Exemplary Damages,"

Count XII: "Breach of Contract,"

Count XIII: "Promissory Estoppel,"

Count XIV: "Breach of Express and Implied Warranties,"

Count XV: "Revocation of Acceptance,"

Count XVI: "Liability Under the Magnuson–Moss Warranty Act,"

Count XVII: "Equitable Subrogation,"

Count XVIII: "Equity,"

Count XIX: "Gross Negligence," and

Count XX: "Unjust Enrichment."

On November 2, 2001, Defendant Goodwin filed a response to Plaintiff's motion for leave to file an amended complaint, asserting that leave should be denied as all new claims are barred by the statute of repose.

*Standard of Review*

Rule 56 (c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." There is no genuine issue of material fact for trial unless, by viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean,* 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

**Discussion**

In Defendant's motion, Defendant asserts that both of the claims asserted in Plaintiff's original complaint must be dismissed. In addition, in responding to Plaintiff's motion to amend, Defendant contends that the motion should be denied as futile, as all of the new claims Plaintiff intends to assert in the amended complaint must be dismissed.

I.  *Original Complaint*

■ Defendant contends that both counts contained in Plaintiff's original complaint are barred by Michigan's statute of repose. Michigan's statute of repose provides, in pertinent part:

No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision

of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer.

MICH. COMP. LAWS § 600.5839(1). The purpose of the statute of repose is to protect engineers, architects and contractors from stale claims and to eliminate open-ended liability for defects in workmanship. *Abbott v. John E. Green Co.* 233 Mich.App. 194, 592 N.W.2d 96 (1998).

Defendant contends that the television installation jobs it performed for Plaintiff were an "improvement to real property," and that since the installation jobs were completed and accepted in 1992, Plaintiff's suit, filed in 1999, is barred by the statute of repose.

Plaintiff asserts that the statute of repose does not apply to this case for two reasons. First, Plaintiff states that "Goodwin Electronics is not a contractor under the statute in that it was not working as a state licensed architect or professional engineer, but was merely performing work on its own without acting as one of these specified protected parties in the statute." (Pl.'s Resp. at 4). Essentially, Plaintiff argues that Defendant cannot be considered a contractor because it was not performing an improvement designed or supervised by a licensed architect or a professional engineer.

The Court disagrees. The statute specifically defines the term "contractor" as "an individual, corporation, partnership, or other business entity which makes an improvement to real property." MICH. COMP. LAWS § 600.5839(4).

■ The statute provides, in relevant parts, that:

No person may maintain any action to recover damages . . . arising out of the defective and unsafe condition of an improvement to real property . . . against any contractor making the improvement, more than six years after the . . . completed improvement.

MICH. COMP. LAWS § 600.5839(1). Contrary to Plaintiff's argument, the statute clearly does not limit the term "contractor" to only those contractors that are making an improvement designed or supervised by a licensed architect or professional engineer.

Next, Plaintiff argues that the work performed by Defendant was not "an improvement to real property" under the statute. Once again, the Court disagrees.

Under Michigan law, "[a]n improvement is a 'permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.'" *Travelers Ins. Co. v. Guardian Alarm,* 231 Mich.App. 473, 481, 586 N.W.2d 760 (1998) (quoting *Pendzsu v. Beazer East, Inc.,* 219 Mich.App. 405, 410, 557 N.W.2d 127 (1996)). "The test for an improvement is not whether the modification can be removed without damage to the land, but whether it adds to the value of the realty for the purposes for which it was intended to be used." *Id.*

■ It is undisputed that Plaintiff paid Defendant more than $100,000 to purchase and install television sets in its hospital rooms. It is also undisputed that Plaintiff advertises the availability of television sets

in its hospital rooms and charges a daily fee for use of those television sets. (*See* Def.'s Mot., Ex. F). The Court therefore agrees with Defendant that the "television units that were installed improve the property because they enhance the capital value of the facility and make the property more useful." (Def.'s Mot. at 4).[1]

Accordingly, the Court is satisfied that Plaintiff's original complaint against Defendant must be dismissed under the statute of repose.

Even if Plaintiff's claims were not barred by the statute of repose, Plaintiff's claims for indemnification and contribution would fail.

## A. *Indemnification*

Plaintiff's complaint asserts a claim for "contractual indemnification/contribution."

■ "A right to indemnification can arise from an express contract, in which one of the parties has *clearly* agreed to indemnify the other." *Martin v. City of East Lansing*, 2001 WL 1545908 at *1 (Mich.App.2001)(emphasis added).

The only allegation in Plaintiff's complaint which arguably relates to contractual indemnification is Plaintiff's claim that "Pursuant to the agreement between Oakwood Hospital and Goodwin Electronics, Goodwin Electronics is responsible for all losses which may occur as a result of acts or omissions of Goodwin Electronics." (Compl. at 18). The only "factual" support that Plaintiff offers for its claim of contractual indemnification, is a handwritten note from Goodwin that states, "We will not . . .

Have any lawsuits." (Ex. 3 to Pl.'s Resp. for Def.'s Mot. for S.J.).

■ The Court does not believe that the above language is sufficient to establish a claim of express contractual indemnification, *i.e.*, a claim that Goodwin expressly agreed to indemnify Plaintiff for any losses suffered by Plaintiff as a result of Goodwin's installation of the televisions.

Plaintiff also assert a claim for "common law indemnification." However, as Plaintiff acknowledges, "if a complaint alleges *only* active negligence, and not also passive negligence, then the party against whom such allegations are made may not be able to seek indemnity under the common law." (Pl.'s Resp. at 10) (citing *Peeples v. Detroit*, 99 Mich.App. 285, 297 N.W.2d 839 (1980)). The reason for this is because "[c]ommon law indemnity is intended only to make whole again a party held vicariously liable to another through no fault of his own. This has been referred to as 'passive' rather than 'causal' or 'active' negligence." *Peeples v. Detroit*, 99 Mich.App. at 292, 297 N.W.2d 839. "In order to determine whether the indemnitee was 'actively' or 'passively' negligent, the court looks to the primary plaintiff's complaint." *Id.* at 293, 297 N.W.2d 839. An allegation of "passive negligence" refers to a claim based on derivative or vicarious liability. *Id.; Universal Gym Equip., Inc. v. Vic Tanny, Int'l, Inc.*, 207 Mich.App. 364, 372, 526 N.W.2d 5 (1994).

■ In the case at bar, the primary plaintiffs, the Motons, asserted only claims of "active negligence" against Oakwood, *e.g.*, failure to warn, failure to inspect, failure to take reasonable precautions to

---

1. The Court notes that Plaintiff submitted an affidavit from a former Oakwood employee stating, without any explanation, that "Goodwin's installation of the television and wall brackets did not improve the value of the real property." (Pl.'s Resp., Ex. 5). However, the Court rejects this self-serving and unsubstantiated opinion in light of the undisputed fact that Oakwood spent over $100,000 on the television installations and uses the televisions to generate revenue.

protect plaintiff, and failing to maintain premises in a safe condition. Specifically, plaintiffs' claims for negligence against Oakwood are that Oakwood failed to properly secure the television and bracket, and failed to provide a safety devise. As there are no claims of vicarious or derivative liability asserted, there are no allegations of "passive negligence" in the primary plaintiffs' complaint. Accordingly, Plaintiff's claim for common law indemnification must fail.

### B. *Contribution*

■ Plaintiff's claim for contribution must also fail. MICH. COMP. LAWS § 600.6304, adopted as part of the Tort Reform Act, abolished contribution actions for most claims. Furthermore, the Michigan Court of Appeals has clearly stated that, with limited exceptions,[2] contribution claims were abolished with the enactment of 1995 P.A. 161 and 1995 P.A. 249. *Kokx v. Bylenga*, 241 Mich.App. 655, 662–64, 617 N.W.2d 368 (2000).

Therefore, the Court is satisfied that Plaintiff's claims for indemnification and contribution would fail even if they were not barred by the statute of repose.

### II. *Claims in Proposed Amended Complaint*

As discussed *supra*, Plaintiff seeks to amend its complaint to add a number of additional counts. Defendant contends that Plaintiff should not be permitted to file its proposed amended complaint because the amendment would be futile, as all of the new claims contained in that complaint would still be barred by the statute of repose.

■ In determining whether to grant a motion to amend, a court should consider the futility of the proposed amendment. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir.2001). Michigan courts have held that "[t]he statute of repose applies to *all* actions against a contractor based on an improvement to real property." *Travelers Ins. Co.*, 231 Mich.App. at 481, 586 N.W.2d 760. (emphasis added).[3] To the extent Plaintiff's amended complaint seeks to recover, by way of contribution or indemnity, any "damages" it might suffer as a result of an adverse verdict in the underlying case, all of Plaintiff's "new" claims asserted in the proposed amended complaint would be barred by the Statute of Repose.

■ At the hearing on December 20, 2001, Plaintiff's counsel informed the Court that the "new" counts in the proposed amended complaint are counts seeking damages from Goodwin Electronics for the costs Plaintiff incurred in repairing or replacing the fixtures. In this Court's opinion, these claims are totally independent of Plaintiff's claims for indemnity and contribution for any loss Plaintiff might suffer as a result of an adverse verdict in the underlying case. Therefore, this Court does not believe Plaintiff should be entitled to amend its complaint, at this late date, to add claims for damages not previously sought. Therefore, Plaintiff's motion

---

**2.** None of the exceptions are applicable in this case.

**3.** The Court notes that with respect to a claim of gross negligence, Michigan's statute of repose provides that such a claim must be filed within 1 year after the defect is discovered or should have been discovered. MICH. COMP. LAWS § 600.5839(1). In the case at bar, the alleged defect was or should have been discovered on the date Mr. Moton was injured, October 26, 1997. However, Plaintiff did not file this action until June 17, 1999. Thus, Plaintiff's gross negligence claim would be barred under the statute of repose.

to amend is denied.[4]

## Conclusion

For the reasons set forth above, all of Plaintiff's claims as asserted in the present complaint are barred. Therefore, Defendant's motion for summary judgment shall be granted and Plaintiff's complaint shall be dismissed.

Furthermore, for the reasons set forth above, Plaintiff's motion to amend its complaint shall be denied.

A Judgment consistent with this Opinion shall issue forthwith.

---

4. As the Court advised counsel at the hearing on December 20, 2001, this Court's ruling does not preclude Plaintiff from bringing a separate action for the damages sought in the amended complaint.