**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED FEBRUARY 1, 2006**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

                             No. 126852

VITO MONACO,

    Defendant-Appellant.

_____

PER CURIAM. In this case, we are asked to decide whether a violation of the statute that makes it a felony to refuse to pay court-ordered support for a former or current spouse or for a child, MCL 750.165(1), is subject to the ten-year period of limitations in MCL 600.5809(4) or the six-year "catch-all" period of limitations in MCL 767.24(5). We are also asked to decide whether a violation of this statute constitutes a continuing offense.

We affirm the Court of Appeals conclusion that a charge of felony nonsupport is subject to the six-year period of limitations of MCL 767.24(5).[1] We reject the Court of

---

[1] The Court of Appeals opinion cites MCL 767.24(4) as the "catch-all" provision. In 2004, the Legislature

Appeals conclusion that a violation of MCL 750.165(1) is a continuing offense. We thus overrule *People v Westman*, 262 Mich App 184; 685 NW2d 423 (2004),[2] to the extent that it is inconsistent with our decision in this case.

Defendant was charged with criminal nonsupport well after the six-year limitations period expired. The Court of Appeals thus erred in affirming the trial court's denial of defendant's motion to dismiss the charge. Accordingly, we affirm in part and reverse in part the Court of Appeals judgment. *People v Monaco,* 262 Mich App 596; 686 NW2d 790 (2004). We remand this case to the trial court for entry of an order granting defendant's motion to dismiss the charge.

I

On August 20, 1984, defendant was ordered to pay child support for his two minor children under a default judgment of divorce. The order required

> that the Defendant shall pay to the Friend of the
> Court for the County of Macomb to be transmitted
> to the Plaintiff for the support and maintenance
> of the minor children of the parties, the sum of
> $43.44 per week per child, for each of the two (2)
> minor children . . . until each of the said
> children have attained the age of eighteen or
> until further Order of this Court.

---

redesignated subsections 4, 5, and 6. MCL 767.24(5) now provides the catchall limitations period.

[2] In *Westman, supra* at 188-189, the Court of Appeals held that a violation of MCL 750.165 is a continuing offense. The defendant in *Westman* did not file an application for leave to appeal in this Court.

2

Defendant's youngest child turned eighteen in March 1994. In December 2002, defendant was charged with violating MCL 750.165(1), which provides[3]:

> If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual *does not pay the support in the amount or at the time stated in the order*, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [Emphasis supplied.]

The statute does not contain an express limitation of actions provision.

At defendant's preliminary examination, the prosecution presented testimony that defendant's child support arrearage amounted to $57,556.31, and that defendant had made no payments on the account since November 2001. Defendant's arrearage included both unpaid child support and Family Independence Agency (FIA) surcharges. Commencing in January 1996, a biannual surcharge also attached to defendant's delinquent account. The trial court bound defendant over, concluding that the judgment was "subject to the enforcement of the criminal sanctions."

---

[3] MCL 750.165(1) was amended by the Legislature effective November 3, 1999. "Under the amended version of MCL 750.165, evidence that an individual refused or neglected to pay child support and left the state is no longer necessary to establish felony failure to pay child support." *Westman, supra* at 187.

3

Defendant moved to dismiss the charge or quash the bindover, arguing that the criminal nonsupport charge was time-barred under the six-year limitations period contained in MCL 767.24(5), the catchall statute of limitations for crimes not otherwise specifically provided for in MCL 767.24. Defendant also argued that his prosecution under the amended statute violates the ex post facto clauses of the United States and Michigan constitutions. US Const, art I, § 10, cl 1; Const 1963, art 1, § 10.

The trial court denied defendant's motion. The court ruled that the charge was not time-barred, relying on the ten-year period of limitations in MCL 600.5809(4). That statute provides:

> For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.650 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made.

The Court of Appeals affirmed the trial court's decision on different grounds. The panel held that the trial court erred in concluding that the matter was governed by the ten-year limitations period found in MCL 600.5809(4) because that statute pertains to civil actions for collection on monetary obligations, not to criminal actions. Instead, the panel concluded that the crime of felony

4

nonsupport is subject to the six-year period of limitations found in MCL 767.24(5).

The panel then held that defendant's failure to pay the arrearage of his court-ordered child support constitutes a continuing violation of MCL 750.165(1), because the court-ordered amount is both increased and reaffirmed every six months when the surcharge for nonpayment is added to the support arrearage. Expanding on the ruling in *Westman, supra,* in which the Court held that a violation of MCL 750.165(1) constitutes a continuing crime, the panel held:

> [A] violation may be continuing under either the "amount owed theory" or the "time ordered theory." Under the "amount owed theory," the violation continues as long as an ordered support goes unpaid. The amount ordered is at the same time increased and reaffirmed each time the surcharge is added. For this reason, an "amount owed" violation may continue even beyond the child's eighteenth birthday. Under the "time ordered theory," the defendant violates MCL 750.165 when he fails to make the weekly support payment. The defendant also violates MCL 750.165 at the time each surcharge is added to the account and, at the same time, becomes due and owing. [*Monaco, supra* at 606-607.]

Applying an "amount owed" continuing violation theory, the Court of Appeals held that the statutory period of limitations on the felony-nonsupport charge against defendant never began to run because of defendant's arrearage. The panel thus affirmed the trial court's denial of defendant's motion to dismiss the felony-nonsupport charge or quash the bindover.

5

"In reviewing a district court's decision to bind over a defendant, the lower court's determination regarding the sufficiency of the evidence is reviewed for an abuse of discretion, but the lower court's rulings based on questions of law are reviewed de novo." *People v Schaefer*, 473 Mich 418, 427; 703 NW2d 774 (2005).

III

The first issue is the limitations period applicable to violations of MCL 750.165(1). We concur with the Court of Appeals that the appropriate limitations period for violations of MCL 750.165 is contained in MCL 767.24(5)[4] and adopt its analysis appearing at 262 Mich App 601-603:

> MCL 600.5809(4) more specifically addresses support orders:
>
> "For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.650 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made."
>
> But the statute as a whole clearly applies only to civil actions, not criminal charges. If

---

[4] Our conclusion that the six-year period of limitations in MCL 767.24(5) applies to violations of MCL 750.165 is in no way intended to alter or weaken the ten-year period of limitations in MCL 600.5809(4), because, as stated, the latter statute applies to civil claims for collection on monetary obligations, not to criminal actions.

the language of a statute is clear, no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover. *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). MCL 600.5809 sets forth a ten-year period of limitations for civil claims seeking enforcement and collection of a noncontractual money obligation. It does not identify any criminal charges whatsoever. Even MCL 600.5809(2), which applies in the criminal context, applies only to civil forfeiture actions based on a penal statute. MCL 600.5809(4) clearly identifies actions brought under the support and parenting time act and makes no reference at all to criminal charges, let alone the charge of felony nonsupport. Further, although the felony-nonsupport charge is related to an order of support pursuant to the support and parenting time act, it is a distinct criminal action that is not covered by MCL 600.5809.

The appropriate statutory limitations period is set forth in MCL 767.24[(5)]. MCL 767.24 generally identifies . . . different limitations periods for . . . different crime categories:

* * *

"[(5)] *All other indictments* shall be found and filed within 6 years after the offense is committed. [Emphasis added.]"

Because MCL 750.165 is not identified in [other subsections of the statute], it necessarily falls under subsection [5], which unambiguously identifies "all other indictments." It is a settled rule of statutory construction that, unless otherwise defined in a statute, statutory words or phrases are given their plain and ordinary meanings. MCL 8.3a; *People v Libbett*, 251 Mich App 353, 365-366; 650 NW2d 407 (2002). "There is no broader classification than the word 'all.' In its ordinary and natural meaning, the word 'all' leaves no room for exceptions." *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 619; 513 NW2d 428 (1994).

IV

7

Defendant was charged with criminal nonsupport under MCL 750.165(1) more than eight years after his court-ordered support obligation ended. Defendant's prosecution is, therefore, time-barred unless a violation of MCL 750.165(1) constitutes an offense that continues until an individual has fully satisfied the monetary support obligation, i.e., until the individual no longer has a support arrearage.

The Court of Appeals held that a violation of MCL 750.165(1) is a continuing offense because the FIA's biannual surcharge led to a biannual violation of the statute by defendant. Under the Court of Appeals reasoning, that violation continues for as long as a payer owes any amount. We reject the conclusion that a violation of MCL 750.165(1) is a continuing offense.

The relevant question in this case is whether the Legislature intended a violation of MCL 750.165 to be a continuing offense. We review the statutory text to discern legislative intent. *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004).

An individual is guilty of felony nonsupport under MCL 750.165(1) if the individual "does not pay the support in the amount or at the time stated in the order . . . ." The word "or," when read in context ("does not pay"), indicates that the statute is violated if the individual neither pays the ordered amount nor pays that amount when it is due.

8

Thus, the plain language of MCL 750.165(1) directs that the crime of felony nonsupport is complete when an individual fails to pay support in the amount ordered at the time ordered. In other words, an individual may be guilty of felony nonsupport if the individual either pays the full ordered amount after the due date or pays an amount less than the ordered amount before the due date and the due date passes without the individual making full payment. Thus, anyone who fails to pay the full ordered amount at the time ordered may be prosecuted under MCL 750.165(1) even if that individual later becomes current on the obligation. The Legislature did not specify carrying a support arrearage as a means by which an individual could violate MCL 750.165(1). Because a person is subject to conviction and punishment each time the statute is violated, separate violations of the statute cannot constitute a single continuing offense.[5]

---

[5] We reject the dissent's contention that our reading of the statute is contrary to its plain language. Contrary to what the dissent believes, our reading of the statute does not ignore the word "or" or replace the word "or" with the word "and," but merely follows the context of the sentence in the statute. The dissent would ignore the context and hold that the statute can be violated by meeting just one of the two conditions listed in the statute. Such an interpretation would clearly fail to comply with the Legislature's intent, as expressed in the unambiguous words of the statute. Under the dissent's interpretation, an individual would violate the statute by failing to pay support in the required amount *even if the payment was not yet due.* We do not believe that the words of the statute show an intent by the Legislature to hold an individual

9

Our conclusion finds further support when MCL 750.165(1) is compared to MCL 750.161. In MCL 750.161(6), the Legislature expressly provided:

> Desertion, abandonment, or refusal or neglect to provide necessary and proper shelter, food, care, and clothing as provided in this section *shall be considered to be a continuing offense* and may be so set out in any complaint or information. . . . [Emphasis supplied.]

Thus, in this statute, the Legislature expressly provided that these acts constitute continuing offenses. By contrast, no such language appears in MCL 750.165(1). "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute . . . ." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).[6]

---

criminally liable for failing to pay the ordered support amount without also considering the date the support payment was due. Further, the dissent's interpretation would also allow an individual ordered to pay support to avoid satisfying the second condition (failure to pay at the time stated in the court order) by paying a negligible amount before the due date. Under such an interpretation, an individual could pay *any amount* to satisfy the requirement that payment be made at the time stated in the court order. We believe that under the unambiguous words of the statute, the amount of the support order must be considered together with the date it is due in determining whether a violation occurred.

[6] We disagree with the dissent's statement that the Legislature did not need to include such language in MCL 750.165 because the nature of felony nonsupport is such that the Legislature must assuredly have intended that it be treated as a continuing offense. The plain language of MCL 750.165(1) indicates that a violation occurs as soon as the due date passes without the individual paying the amount

10

We conclude that the Legislature did not intend that a violation of MCL 750.165(1) continue until an individual's monetary support obligation is fully discharged.

V

In summary, the crime of nonsupport under MCL 750.165(1) is complete at the time that an individual fails to pay the ordered amount at the ordered time. Under the limitations period of MCL 767.24(5), a prosecutor has six years from that point in which to charge such violations. Here, because the six-year period of limitations expired before defendant was charged with criminal nonsupport, we need not reach defendant's remaining argument that his prosecution violates constitutional ex post facto prohibitions. Accordingly, we reverse the portion of the Court of Appeals opinion that is inconsistent with our ruling and remand for entry of an order granting defendant's motion to dismiss the charge.

Affirmed in part, reversed in part, and remanded to the trial court.

> Clifford W. Taylor
> Michael F. Cavanagh

required. Thus, each violation of the felony-nonsupport statute has a distinct date. If the Legislature had meant for a violation of MCL 750.165(1) to be a continuing offense, it would have so stated.

Maura D. Corrigan
Robert P Young, Jr.
Stephen J. Markman

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                                No. 126852

VITO MONACO,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in part and dissenting in part*).

I concur in the majority's affirmance of the Court of Appeals decision regarding the appropriate statute of limitations. A violation of the felony-nonsupport statute, MCL 750.165(1), does not fall under the ten-year period of limitations in MCL 600.5809(4). Instead, as the Court of Appeals and the majority recognized, it falls under the six-year "catch all" provision of MCL 767.24(5).

I dissent from part IV and the conclusion of the majority opinion because I believe that the Court of Appeals was correct when it found that felony nonsupport is a continuing violation. Consequently, I would affirm the conclusions of the Court of Appeals. Also, I would leave

unmolested *People v Westman*,[1] upon which the continuing violations theory relies.

CONTINUING VIOLATIONS ARE DISFAVORED

Statutes of limitations serve important purposes in our criminal justice system. Not only do they protect defendants from having to defend against stale claims, they pressure law enforcement officials to act promptly. The public is served by them in that wrongdoers are brought to justice more quickly. Also, an accused is less likely to be deprived of evidence or witnesses lost through the passage of time.

It is apparent that statutes of limitations find their base in equitable concerns. This fact has led the United States Supreme Court to direct that criminal limitations statutes "be liberally interpreted in favor of repose[.]" *United States v Habig*, 390 US 222, 227; 88 S Ct 926; 19 L Ed 2d 1055 (1968), quoting *United States v Scharton*, 285 US 518, 522; 52 S Ct 416; 76 L Ed 917 (1932) (internal quotation marks omitted).

---

[1] 262 Mich App 184; 685 NW2d 423 (2004).

In *Toussie v United States*,[2] the Supreme Court recognized that the doctrine of continuing offenses could contradict the very goals and purposes of statutes of limitations. The tension between the two is clear. Limitation statutes restrict an accused's exposure to legal proceedings. A continuing violation perpetuates it, decreeing that each day an accused does not eliminate his violation of a statute, he violates it again. *Toussie v United States*, 397 US 112, 114-115; 90 S Ct 858; 25 L Ed 2d 156 (1970).

Courts should not resolve this tension by never viewing an offense as a continuing violation. Rather, they must exercise particular diligence before deciding that the intent of the legislature was that an offense constitutes a continuing violation. The Supreme Court gave us this guidance in *Toussie*:

> [A conclusion that a violation is a continuing violation should not be made] unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must

---

[2] 397 US 112; 90 S Ct 858; 25 L Ed 2d 156 (1970). This case dealt with the failure to register for the draft. The Supreme Court concluded that the failure to register is not a continuing offense. Congress disagreed and superseded the Court's ruling by statute. 50 USC Appx 462(d). Under the statute, a person who never registers can be prosecuted for failing to register up to the age of 31. See *United States v Kerley*, 838 F2d 932, 935 (CA 7, 1988).

assuredly have intended that it be treated as a continuing one. [*Id*. at 115.]

THE LEGISLATURE INTENDED A CONTINUING OFFENSE IN MCL 750.165(1)

Whether a continuing violation exists is a matter of statutory interpretation. As in all such matters, our goal is to give effect to the Legislature's intent in enacting the statute. *People v Tombs*, 472 Mich 446, 451; 697 NW2d 494 (2005). Our starting point is the language that it chose.

MCL 750.165(1) provides:

> If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support *in the amount or at the time stated* in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [Emphasis added.]

Here, the Legislature has created two distinct ways of committing the crime: (1) failing to pay support in the required amount *or* (2) failing to pay at the time stated in a court order. I believe that the "or" used in this statute is significant. The Legislature intentionally placed it there to create two separate ways of committing the offense.

Wherever possible, every word of a statute should be given meaning, and no word should be treated as surplusage or made nugatory by court interpretation. *People v Warren*, 462 Mich 415, 429 n 24; 615 NW2d 691 (2000). By reading MCL

4

750.165(1) as not providing for the possibility of a continuing violation, the majority has rendered the Legislature's use of the word "or" nugatory. The majority interprets the statute as if it reads: "the individual does not pay the support in the amount at the time stated in the order[.]" But this changes its meaning.

The majority has replaced the two ways to commit the offense of felony nonsupport with one. As the majority reads the statute, a person is guilty of the offense whenever that person fails to pay the full amount ordered at the time ordered. It does not matter if the defendant pays a partial amount or nothing at all. All that matters is that the failure to pay occurs at the time for payment stated in the support order.

The majority acknowledges that the Legislature intended two separate ways to violate the statute. But its analysis strays from its acknowledgement. Because the Legislature intended two separate ways to commit the offense, "or" cannot be read out of the statute as the majority has done.

The majority's reading effectively replaces "or" with "and." "[T]he individual does not pay the support in the amount *and* at the time stated in the order[.]" Again, I cannot agree with departing from the language of the statute as the majority has done. "And" is conjunctive. "Or" is

5

disjunctive.  They do not mean the same thing.  Nothing in the text of the statute indicates that the Legislature intended "and" but inadvertently used "or" in its place. The choice appears intentional.  The Legislature sought to create two means of committing felony nonsupport, and it did so by use of the disjunctive "or."

Without good cause to conclude otherwise, we must assume that the Legislature chose the words of the statute purposely and intentionally.  *Detroit v Redford Twp*, 253 Mich 453, 456; 235 NW 217 (1931).  Because nothing in the statute contradicts the conclusion that the choice was intentional, the Court should honor the Legislature's use of "or" in MCL 750.165(1).

The first way to violate the statute is by failing to pay the amount ordered.  There is no limitation in the statute on when the failure to pay must occur.  Therefore, nothing prevents it from continuing past the date for payment specified in the order.  In fact, an individual, such as defendant in this case, fails to pay support "in the amount" ordered not only each pay period but each day he is in arrears.  In this case, defendant continuously failed to pay the amount he owed as his arrearage mounted.  Thus, he continued to commit the crime of felony nonsupport.

6

Accordingly, the amount-owed part of MCL 750.165(1) should be read as providing for a continuing offense.

The majority points to MCL 750.161 as evidence that the Legislature did not have that intention. In MCL 750.161(6),[3] the Legislature indicates that violation of MCL 750.161(1) is a continuing offense. The majority argues that the failure to include a provision similar to MCL 750.161(6) in the felony-nonsupport statute demonstrates an intent not to create a continuing violation. I disagree.

By enacting MCL 750.161(6), the Legislature indicated that each and every offense contained in MCL 750.161(1) is a continuing offense. This is despite the fact that, by their nature, certain of the offenses could be interpreted otherwise. For instance, without the instruction to view it as a continuing offense, desertion[4] normally would be a one-time event. While a person may repeatedly abandon his or her spouse or children, the act is not continuous. The

---

[3] MCL 750.161(6) provides:

> Desertion, abandonment, or refusal or neglect to provide necessary and proper shelter, food, care, and clothing as provided in this section *shall be considered to be a continuing offense* and may be so set out in any complaint or information. [Emphasis added.]

[4] *Random House Webster's College Dictionary* (2001) defines "desert" as "to leave (a person, place, etc.) without intending to return[.]"

7

Legislature's inclusion of MCL 750.161(6) changes this noncontinuous event into a continuous event.

By contrast, the failure to pay support is by its nature continuous. Applying *Toussie* and given the nature of felony nonsupport, the Legislature must assuredly have intended that it be treated as a continuing crime. As correctly pointed out by the Court of Appeals, even a single unsatisfied child support payment will grow because the court periodically adds a surcharge to it. For these reasons, the Legislature may not have seen the need to include a section such as MCL 750.161(6) in order to tell us that felony nonsupport is a continuing offense. In any event, the language of the "amount owed" portion of the statute speaks for itself. I would allow it to do so in this case.

Here, defendant did not pay court-ordered support continuing over a period of years and resulting in an accumulated arrearage of over $57,000. The Court of Appeals was right when it found that it was because of defendant's continuing failure to pay support that the lower court correctly bound defendant over for trial.

I do not make this finding of a continuing violation lightly. I recognize the extra scrutiny required under *Toussie*. But I believe that the explicit language of the

8

substantive criminal statute compels this conclusion. *Toussie*, 397 US 115. In MCL 750.165(1), the Legislature explicitly and intentionally used the word "or." In so doing, it created an "amount owed" offense that, by its nature, constitutes a continuing offense. By effectuating the intent of the Legislature, my interpretation meets the requirements articulated by the Supreme Court in *Toussie*.

THE EX POST FACTO CLAUSES WERE NOT VIOLATED

Defendant points out that MCL 750.165 was substantively amended effective November 3, 1999, whereas his failure to pay child support occurred between 1984 and 1994. Hence, he asserts, the charge should have been dismissed as a violation of the ex post facto clauses of the state and federal constitutions. Const 1963, art 1, § 10; US Const, art I, § 10.

I agree with the Court of Appeals that no ex post facto violation of law occurred in this case. Because defendant's failure to pay overdue child support is an ongoing violation of MCL 750.165, and because it continued after November 3, 1999, the felony-nonsupport charge against defendant does not violate ex post facto prohibitions.

CONCLUSION

I concur in the majority's decision that a violation of MCL 750.165(1) is subject to the six-year period of

9

limitations provided in MCL 767.24(5).  I dissent from its determination that a violation of the statute does not constitute a continuing offense.  The Legislature evidenced a clear intent to make the failure to pay court-ordered support a continuing offense.  Therefore, I would affirm the decision of the Court of Appeals.


Marilyn Kelly
Elizabeth A. Weaver