UNIVERSAL GYM EQUIPMENT, INC v VIC TANNY
INTERNATIONAL, INC (ON REHEARING)

Docket No. 157313. Submitted May 18, 1994, at Detroit. Decided
November 7, 1994, at 9:10 A.M. Submitted on rehearing Decem-
ber 27, 1994, at Lansing. Decided on rehearing April 3, 1995, at
9:05 A.M.

 Universal Gym Equipment, Inc., brought an action in the Oak-
land Circuit Court against Vic Tanny International, Inc., and
Vic Tanny of Greater Michigan, Inc., seeking contribution and
indemnification following its settlement of an action for injuries
brought by a Vic Tanny club member. The trial court, Deborah
G. Tyner, J., denied the plaintiff's motion to file a second
amended complaint that alleged gross negligence and granted
summary disposition for the defendants. The Court of Appeals,
MICHAEL J. KELLY, P.J., and CORRIGAN and C. D. CORWIN, JJ.,
affirmed in part, reversed in part, and remanded for further
consideration of the motion to file a second amended complaint,
because the record was silent concerning why the motion to
amend had been denied. The defendants moved for a rehearing,
which was granted.

 On rehearing, the Court of Appeals held:

 Because the plaintiff failed to order a full transcript of the
proceedings in the trial court, the Court of Appeals was misled
into believing that the trial court's reasons for denying the
motion to amend were a "mystery." Upon reviewing the previ-
ously missing portions of the record relating to the motion to
amend, it is clear that the plaintiff already had abandoned in
the trial court the issue upon which remand was granted,
because the grounds argued in the trial court for allowing
amendment were irrelevant to the issue addressed on appeal.
The order of remand must be vacated.

 Affirmed.

*Barbier & Barbier, P.C.* (by *Ralph W. Barbier*),
for the plaintiff.

*Petersmarck, Callahan, Bauer & Barbour, P.C.*

(by *George E. Petersmarck, Jr.,* and *Richard W. West*), for the defendant.

ON REHEARING

Before: MICHAEL J. KELLY, P.J., and CORRIGAN and C. D. CORWIN,* JJ.

CORRIGAN, J. We granted defendants' motion for rehearing, limited to the propriety of our decision granting remand for further consideration of plaintiff's motion to amend its complaint. We conclude that we erred in permitting remand. We otherwise adhere to our original opinion and affirm the circuit court order in all respects.

The question regarding the circuit court's denial of Universal's motion to amend its complaint was abandoned on appeal. In our initial opinion, *Universal Gym Equipment, Inc, v Vic Tanny Int'l, Inc,* 207 Mich App 364, 368; 526 NW2d 5 (1994), we stated:

> Although Universal's original complaint did not sound in gross negligence, it filed a motion for a second amended complaint that did include allegations of gross negligence. The trial court denied the motion, but Vic Tanny's response to the motion and the order denying the motion are missing from the record. Because motions to amend a complaint are accorded great liberality, see MCR 2.118, and because the grounds for the trial court's denial of the motion in this case remain a mystery, we reverse the order of denial and remand for a new hearing on the motion to file a second amended complaint. If the trial court grants the motion it shall allow further proceedings on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gross negligence claim. If it denies the motion it shall specify the reasons and grounds for such denial.

In stating that the trial court's reasons for denying the motion "remain a mystery," we were misled. On rehearing, the mystery was solved. Defendants supplied portions of the record that had not been ordered. Contrary to MCR 7.210(B)(1)(a), plaintiff failed to order the full transcript of proceedings. Further, plaintiff had not moved for less than the full transcript or stipulated with defendants to file some portion less than the full transcript. MCR 7.210(B)(1)(c) and (d). We assumed that the record was missing, when, in fact, it had never been ordered.

Having scrutinized the relevant transcript of the hearing on the motion to amend the complaint,. we are persuaded that plaintiff abandoned the issue upon which we granted remand. We ordered remand on a ground that was never asserted or addressed in the lower court, nor was it asserted before us.

Having reviewed the transcript of the hearing, we see no abuse of discretion in the circuit court's ruling denying the motion to amend the complaint. More significantly, the grounds that were argued during the motion to amend are essentially irrelevant to the claims of contribution and indemnification that we addressed in the published opinion.

For the foregoing reasons, the decision of the circuit court granting summary disposition is affirmed. That portion of the opinion that permitted a remand for a new hearing on the motion to file a second amended complaint is vacated.

Affirmed.