LAMP v REYNOLDS

Docket No. 223346. Submitted November 13, 2001, at Detroit. Decided February 5, 2002, at 9:05 A.M. Leave to appeal sought.

Scott and Michelle Lamp brought an action in the Tuscola Circuit Court against Fred and Linda Reynolds, doing business as Baja Acres, M.C., a motocross racetrack, seeking damages for injuries sustained by Scott while he was participating in a motocross race. The injury occurred when Scott, while racing his motocross bike just off the outside edge of the dirt track through four-foot-high weeds, hit a tree stump concealed by the weeds. The court, Patrick R. Joslyn, J., found that the defendants' failure to remove the stump amounted to wilful and wanton misconduct and rendered a verdict in favor of the plaintiffs. The court held that comparative negligence would not be assessed against the plaintiffs' damages award because the defense was not available where the claim was based on wilful and wanton misconduct. The court noted that if the Court of Appeals found that the defense was available, the court would find Scott's comparative negligence to have been twenty-five percent. The defendants appealed.

The Court of Appeals *held*:

1. The releases that Scott signed providing that he waived any potential causes of action that might accrue while he participated in the motocross event do not insulate the defendants against liability for gross negligence or wilful and wanton misconduct. The court properly found that the releases did not bar the claim alleging wilful and wanton misconduct.

2. The evidence supports the court's finding that the defendants' conduct was wilful and wanton.

3. The relevant comparative fault statutes, MCL 600.2957, 600.2959, 600.6304, provide that a plaintiff will be considered at fault if his conduct was a proximate cause of his damages and that an award of damages must be reduced by the percent of fault attributable to the plaintiff. The trier of fact must first conclude that the plaintiff was at fault, i.e., the plaintiff's conduct was a proximate cause of his damages, before assigning a percentage of fault to the plaintiff. The defendant must prove that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause

of the plaintiff's damages to establish the requisite proximate cause between the alleged wrongful act and the resulting damages. A plaintiff's conduct will be considered a cause in fact of his damages if his damages, more than likely, would not have occurred but for his at-fault conduct.

4. The defendants' comparative fault defense was defeated by their failure to prove that Scott's conduct was a proximate cause of his damages. The court reached the correct result, but for the wrong reason.

5. The application of the comparative fault statutes in Michigan does not depend on the type of at-fault conduct of either the plaintiff or the defendant. The statutes operate against each person, including a plaintiff, whose conduct is found to be a proximate cause of the plaintiff's damages.

Affirmed.

1. TORTS — WILFUL AND WANTON MISCONDUCT.

A plaintiff seeking damages for injuries allegedly suffered as a result of a defendant's wilful and wanton misconduct must establish the following elements: the defendant knew of a situation requiring the exercise of ordinary care and diligence to avert injury to another, the defendant had the ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and the defendant failed to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

2. TORTS — COMPARATIVE FAULT.

The trier of fact in a tort action must first conclude that the plaintiff's conduct was a proximate cause of the plaintiff's damages before assigning a percentage of comparative fault to the plaintiff; the defendant has the burden of proving that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of the plaintiff's damages by showing that the damages, more than likely, would not have occurred "but for" the plaintiff's at-fault conduct and that, in light of the foreseeability of the consequences of the plaintiff's at-fault conduct, the plaintiff should be held legally responsible for such consequences (MCL 600.2957, 600.2959, 600.6304).

*Michael J. Kelly*, for the plaintiffs.

*Ward, Anderson, Porritt & Bila* (by *Russell W. Porritt, II*), for the defendants.

Before: CAVANAGH, P.J., and DOCTOROFF and JANSEN, JJ.

CAVANAGH, P.J. Defendants appeal as of right from a judgment in plaintiffs' favor following a bench trial in this premises liability action involving the condition of defendants' motocross racetrack, Baja Acres. We affirm.

In 1996, plaintiff[1] Scott Lamp was a participant in a motocross race at Baja Acres. In second place during the last lap of the race, plaintiff proceeded through a straightaway section of the dirt racetrack and completed a jump, landing in control of his bike. However, after apparently encountering uneven ground, plaintiff veered toward the outside perimeter of the racetrack where the ground was smoother. Located along the edge of the track were weeds approximately four feet tall. While traveling between forty and fifty miles an hour, within feet from the outside edge of the racetrack and through the weeds, plaintiff struck a tree stump causing him to sustain left knee injuries. Thereafter, plaintiffs filed the present action alleging, in pertinent part, that defendants' failure to remove the tree stump amounted to wilful and wanton misconduct. Following a bench trial, the lower court agreed and rendered a verdict in plaintiffs' favor. Further, the court held that comparative negligence would not be assessed against plaintiffs' damages award because the defense was not available in a claim based on wilful and wanton misconduct.[2]

---

[1] Because Michelle Lamp's loss of consortium claim is derivative, we refer to Scott Lamp as "plaintiff."

[2] However, the trial court noted that if this Court determined that comparative negligence was a defense to wilful and wanton misconduct

On appeal, defendants first argue that the trial court erred in denying their motion for summary disposition with regard to plaintiffs' wilful and wanton misconduct claim. Defendants allege that they were entitled to judgment as a matter of law because plaintiff had executed two clear and unambiguous releases waiving any potential causes of action that might accrue while he was participating in the motocross event. We disagree. This Court reviews de novo a trial court's grant or denial of summary disposition. *Harrison v Olde Financial Corp*, 225 Mich App 601, 605; 572 NW2d 679 (1997).

It is well established in this jurisdiction that, although a party may contract against liability for harm caused by his ordinary negligence, a party may not insulate himself against liability for gross negligence or wilful and wanton misconduct. See *Universal Gym Equipment, Inc v Vic Tanny Int'l, Inc*, 207 Mich App 364, 367-368; 526 NW2d 5 (1994), vacated in part on other grounds, (*On Rehearing*), 209 Mich App 511; 531 NW2d 719 (1995); *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 617-618; 513 NW2d 428 (1994); *Wagner v Regency Inn Corp*, 186 Mich App 158, 169; 463 NW2d 450 (1990). Consequently, plaintiff's execution of two general releases did not automatically bar his wilful and wanton misconduct claim; therefore, the trial court properly rejected this argument.

Next, defendants argue that the trial court erred in finding that their conduct was wilful and wanton because the evidence did not establish their intent to

actions, it would assign twenty-five percent to plaintiff's comparative negligence.

harm or indifference equivalent to a willingness that harm result. See *Jennings v Southwood*, 446 Mich 125, 140; 521 NW2d 230 (1994), quoting *Burnett v City of Adrian*, 414 Mich 448, 455; 326 NW2d 810 (1982). We disagree. On appeal following a bench trial, a trial court's conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error. MCR 2.613(C); *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "A finding is clearly erroneous when, although evidence supports it, this Court is left with a firm conviction that the trial court made a mistake." *Featherston v Steinhoff*, 226 Mich App 584, 588; 575 NW2d 6 (1997).

To prove a claim of wilful and wanton misconduct, the plaintiff must establish that the defendant (1) knew of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) had the ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) failed to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. *Taylor v Laban*, 241 Mich App 449, 457; 616 NW2d 229 (2000), quoting *Miller v Inglis*, 223 Mich App 159, 166; 567 NW2d 253 (1997).

In this case, the evidence showed that defendants knew about the tree stump for years, knew that the stump was located a short distance from the outside perimeter of the racetrack, and knew that motocross racing involved high rates of speed and that it was common for racers to leave the track during the race. The evidence also showed that defendants did not cut the weeds around the edges of the racetrack or around the tree stump, failed to remove the stump

although they had the equipment to remove it with little effort, failed to make the stump's presence known to the motocross racers, and admitted that a hidden tree stump near a racetrack was a dangerous condition that could cause serious injury. Consequently, we find no error in the trial court's determination that defendants' conduct was wilful and wanton.

Defendants finally argue that the trial court erred in failing to reduce plaintiffs' damages award by twenty-five percent, the degree of comparative fault attributed to plaintiff. Defendants argue that MCL 600.2959 mandates such a reduction. We disagree. Statutory interpretation is a question of law subject to review de novo on appeal. *Crowe v Detroit*, 465 Mich 1, 6; 631 NW2d 293 (2001).

This state has legislatively adopted a comparative fault system for apportioning damages awarded in personal injury, property, and wrongful death actions. The enactment of several in pari materia statutes,[3] in particular MCL 600.6304, MCL 600.2957, and MCL 600.2959, reveals a legislative intent to allocate liability according to the relative fault of all persons contributing to the accrual of a plaintiff's damages. See *Wysocki v Felt*, 248 Mich App 346, 364; 639 NW2d 572 (2001). The issue in this case is whether comparative fault should be assessed against a plaintiff, pursuant to our comparative fault statutes, when a defendant's

---

[3] In pari materia statutes are those that arguably relate to the same subject or that share a common purpose and must be read together as one law, even if they were enacted on different dates. *Travelers Ins v U-Haul of Michigan, Inc*, 235 Mich App 273, 279-280; 597 NW2d 235 (1999). The comparative fault statutes at issue in this matter are in pari materia because they all relate to the reduction of civil liability through the apportionment of fault. See *Wysocki v Felt*, 248 Mich App 346, 364; 639 NW2d 572 (2001).

conduct was found to be wilful and wanton. This question appears to present an issue of first impression in this state.

Well-established principles of statutory interpretation direct our attempt to give effect to the Legislature's intent. *In re Messer Trust*, 457 Mich 371, 379-380; 579 NW2d 73 (1998). This Court first looks to the specific language of the statute to discern the Legislature's intent. *Charboneau v Beverly Enterprises, Inc*, 244 Mich App 33, 40; 625 NW2d 75 (2000). We must presume that every word, phrase, and clause in the statute has meaning and avoid any construction that would render any part of the statute surplusage or nugatory. *Bieber v Keeler Brass Co*, 209 Mich App 597, 604; 531 NW2d 803 (1995). If the plain and ordinary meaning of the statute's language is clear, judicial construction is inappropriate. *Ypsilanti Housing Comm v O'Day*, 240 Mich App 621, 624; 618 NW2d 18 (2000).

Next, we consider the relevant comparative fault statutes. First, MCL 600.2957 provides, in pertinent part:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304 [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

Second, MCL 600.2959 provides, in pertinent part:

In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6306 [MCL 600.6306].

Third, MCL 600.6304 provides, in pertinent part:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff
. . . .

(2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.

*     *     *

(8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

After consideration of the principles of statutory construction and the relevant comparative fault statutes, we conclude that the Legislature's intent is clear—a plaintiff, including a plaintiff's decedent, will

be considered at fault if his conduct[4] was a proximate cause of his damages and any damages awarded must be reduced by the percentage of fault attributed to him by the trier of fact. Consequently, before assigning a percentage of fault to a plaintiff for apportionment purposes, the trier of fact must first conclude that the plaintiff was at fault, i.e., his conduct was a proximate cause of his damages. A defendant attempting to mitigate his liability through a comparative fault defense has the burden of alleging and proving that the plaintiff's conduct was a proximate cause of his own damages. See MCL 600.2960; MCL 600.6304(8).

To establish the requisite proximate cause between the alleged wrongful act and resulting damages, as required when liability is at issue in any action, the defendant must prove that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his damages.[5] See *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). The plaintiff's conduct will be considered a cause in fact of his damages if his damages, more than likely, would not have occurred but for his at-fault conduct. See *Haliw v Sterling Heights*, 464 Mich 297, 310; 627 NW2d 581 (2001); *Skinner, supra* at 163. If this "but for" element is established, then the defendant must prove that, in

---

[4] We use only the word "conduct" from MCL 600.6304(8) for convenience purposes.

[5] For purposes of comparative fault, the standard of care applicable to the plaintiff, "while differing in perspective, is theoretically indistinguishable" from the standard applied to determine a defendant's liability. See *Lowe v Estate Motors Ltd*, 428 Mich 439, 455-456; 410 NW2d 706 (1987). Similarly, whether a plaintiff's conduct was a proximate cause of his damages for purposes of comparative fault is determined by the same standards used to establish a defendant's liability.

light of the foreseeability of the consequences of the plaintiff's at-fault conduct, the plaintiff should be held legally responsible for such consequences, i.e., it is socially and economically desirable to hold the plaintiff liable. See *Haliw, supra* at 310, quoting *Skinner, supra* at 163; *Helmus v Dep't of Transportation,* 238 Mich App 250, 256; 604 NW2d 793 (1999); *Wechsler v Wayne Co Rd Comm,* 215 Mich App 579, 596; 546 NW2d 690 (1996). Legal, or proximate, cause is "that which operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred." *Helmus, supra* at 256.

In this case, the trial court held that plaintiff's comparative fault should not be assessed against his damages award because defendants' conduct was wilful and wanton. Although the trial court reached the right result, it did so for the wrong reason. Here, plaintiff's alleged at-fault conduct consisted of him racing his motocross bike just off the outside edge of the racetrack, through the weeds. However, it is uncontested that plaintiff's injuries arose solely as a consequence of him hitting an unknown, unexpected, and concealed tree stump; therefore, defendants have failed to prove that plaintiff's conduct was a cause in fact of his damages.

Further, even if there was a tenuous "but for" relationship between plaintiff's conduct and his damages, defendants have failed to establish that plaintiff's conduct was a legal, or proximate, cause of his damages. It was not foreseeable that plaintiff would strike a tree stump as a consequence of riding just off the outside edge of the motocross racetrack, an act that, according to the evidence, was a well-known practice

in the sport of motocross racing. Because defendants failed to prove that plaintiff's conduct was a proximate cause of his damages, their comparative fault defense was defeated. Accordingly, we affirm the trial court's refusal to reduce plaintiffs' damages in accordance with our comparative fault statutes. See *Detroit v Presti*, 240 Mich App 208, 214; 610 NW2d 261 (2000).

While holding that a plaintiff's comparative fault will be assessed against his damages award only if the plaintiff's conduct was a proximate cause of his damages, we are aware that the trial court's reasoning has found support in other jurisdictions. It appears that there is a national split of authority on the issue whether the nature of the defendant's underlying conduct affects the application of comparative fault principles. Some jurisdictions have held that when a defendant's conduct is wilful and wanton or intentional, the comparative negligence doctrine does not apply because, generally, the defendant's conduct is not comparable to the plaintiff's ordinary negligence, i.e., the conduct differs in kind. See, e.g., *Kellerman v Zeno*, 64 Ark App 79, 88-89; 983 SW2d 136 (1998) (intentional conduct); *Mansfield v Circle K Corp*, 877 P2d 1130, 1136, n 16 (Okla, 1994) (wilful, wanton, or intentional conduct); *Krivijanski v Union R Co*, 357 Pa Super 196, 203; 515 A2d 933 (1986) (wilful or wanton misconduct); *Davies v Butler*, 95 Nev 763, 772; 602 P2d 605 (1979) (wilful or wanton misconduct). To the contrary, other jurisdictions have held that such categorical labels only render distinctions without a difference, i.e., the conduct only differs in degree, and, therefore, apply comparative negligence principles. See, e.g., *Teton Co Bd of Comm'rs v Bassett*, 8

P3d 1079, 1083-1084 (Wy, 2000) (wilful and wanton misconduct or intentional conduct); *Wareing v Falk*, 182 Ariz 495, 500; 897 P2d 1381 (Ariz App, 1995) (wilful or wanton misconduct); *White v Hansen*, 837 P2d 1229, 1234 (Colo, 1992) (wilful and wanton misconduct); *Blazovic v Andrich*, 124 NJ 90, 106-107; 590 A2d 222 (1991) (wilful and wanton misconduct or intentional conduct).

However, our comparative fault statutes, particularly MCL 600.2957, MCL 600.2959, and MCL 600.6304, are just that, comparative *fault* statutes. Although the bench and bar may still refer to the defense as one of "comparative negligence," that description is a misnomer and defies the true nature of the statutes as legislatively enacted. This Court may not assume that the Legislature's use of one word or phrase over another was inadvertent. *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). Because the statutes refer only to "fault" and the word "negligence" is not used in any of the relevant statutes, we must deem the absence a deliberate omission and an intent by the Legislature that all at-fault conduct, not just negligence, be within the reach of the statutes.

Further, MCL 600.6304(8) specifically defines "fault" as "an act, an omission, conduct, including intentional conduct, . . . that is a proximate cause of damage sustained by a party." Consequently, the application of the comparative fault statutes in Michigan does not depend on the type of at-fault conduct of either a plaintiff or a defendant.[6] Instead, the comparative fault statutes are operative against each per-

---

[6] Similarly, before the Legislature's adoption of the comparative fault statutes, this Court, in *Vining v Detroit*, 162 Mich App 720, 727-728; 413 NW2d 486 (1987), held that the comparative "negligence" doctrine was

son, including a plaintiff, whose conduct is found to be a proximate cause of the plaintiff's damages. See MCL 600.6304(1)(b); MCL 600.6304(8). In effect, by defining "fault" so broadly, the Legislature vaporized the skeletal remains of the long-defunct contributory negligence doctrine. That doctrine required the contributorily negligent plaintiff to assert "wilful and wanton" or "gross negligence" claims simply to avoid the doctrine's harsh effect of totally barring the plaintiff's recovery of damages. See *Jennings, supra* at 130-131; *Lowe v Estate Motors Ltd*, 428 Mich 439, 459-460; 410 NW2d 706 (1987); *Vining v Detroit*, 162 Mich App 720, 727-728; 413 NW2d 486 (1987). Our comparative fault statutes do not require, or permit, such linguistic maneuvering.

Consequently, under the comparative fault statutes at issue here, there will be cases in which a plaintiff's at-fault conduct will be compared to a defendant's wilful and wanton misconduct or intentional conduct and the plaintiff's damages will be reduced in proportion to his fault, if any. This result is consistent with the goal of the "comparative negligence doctrine" at its inception; it promotes "a fair system of apportionment of damages." *Placek v Sterling Heights*, 405 Mich 638, 660; 275 NW2d 511 (1979). However, these comparative fault statutes accomplish this goal by disavowing labels that distinguish types of at-fault conduct in favor of a more accurate measure for determining apportionment liability—proximate cause. The clear import of this design is that the statutes cannot be implemented by a bright-line rule but,

---

applicable when a defendant's conduct was found to be wilful and wanton.

instead, their application is as individualized as the circumstances giving rise to a cause of action.

We are, however, cognizant of case law in this jurisdiction holding that a comparative fault analysis is inappropriate when an intentional act causes the plaintiff's damages. In *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 442; 487 NW2d 106 (1992), reh den and amended 440 Mich 1203 (1992), our Supreme Court held:

> [O]ur courts and other jurisdictions do not extend comparative fault analysis to cases where a party acted intentionally in causing harm. Rather than apportioning fault between the parties, one of whom was only negligent and one of whom acted intentionally, courts have placed one hundred percent of the fault on the party whose actions were intentional.

It appears that the trial court in the present case may have relied on this exception when it apparently concluded that wilful and wanton misconduct was the legal equivalent of an intentional act and, therefore, refused to reduce plaintiffs' damages. However, *Hickey* was decided before the 1995 tort reform legislation that included revisions of MCL 600.6304 and, significantly, defined the term "fault" to include intentional conduct. See MCL 600.6304(8). Because the Legislature amended MCL 600.6304 after *Hickey*, and did not include this "intentional exception," it appears that the doctrine of stare decisis is inapplicable. See *Robinson, supra* at 464; *Brown v Manistee Co Rd Comm*, 452 Mich 354, 367-368; 550 NW2d 215 (1996). Consequently, distinguishing types of at-fault conduct is no longer a proper consideration when determining the viability of a comparative fault defense pursuant

to the statutes at issue here; therefore, we need not do so in this case.

In summary, our comparative fault statutes, particularly MCL 600.6304, MCL 600.2957, and MCL 600.2959, mandate the allocation of liability among all persons who contributed to the accrual of a plaintiff's damages. These statutes do not distinguish between types of at-fault conduct that resulted in the plaintiff's sustaining damages. Consequently, the comparative fault statutes apply to all persons, including the plaintiff, who are found to be at fault, i.e., whose conduct is a proximate cause of the plaintiff's damages. A plaintiff will be considered at fault if a defendant proves that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his own damages. Once the at-fault persons are determined, the trier of fact assigns percentages of fault to each person after considering the nature of each person's conduct and the extent of the causal relation between the conduct and the resulting damages. See MCL 600.6304(1)(b); MCL 600.6304(2).

In this case, although defendants' conduct was found to be wilful and wanton, defendants were entitled to assert and attempt to prove the affirmative defense of comparative fault. However, because plaintiff's alleged at-fault conduct was not a proximate cause of his damages, the defense was defeated. Accordingly, the trial court properly entered a judgment against defendants for the full amount of plaintiffs' damages.

Affirmed.