# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN BLACKWELL,

        Plaintiff-Appellant,

v

DEAN FRANCHI and DEBRA FRANCHI,

        Defendants-Appellees.

FOR PUBLICATION
January 31, 2017
9:00 a.m.

No. 328929
Oakland Circuit Court
LC No. 14-141562-NI

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

SHAPIRO, J.

Plaintiff appeals as of right the order of the trial court granting defendants' motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in this premises liability case. On the evening of December 14, 2013, plaintiff attended a dinner party at defendants' home. Defendants' home includes a hallway that leads from the front door to the living room and dining room area. There are two rooms on each side of the hallway, a bathroom and a mud room. There is an approximately eight inch drop-off as one steps into the mud room from the hallway. Plaintiff went to put her purse in the mud room, after arriving at defendants' home, and fell upon entry as a result of the drop-off. Plaintiff was injured and filed suit. Defendants moved for summary disposition arguing that the drop-off was open and obvious, and, therefore, they had no duty to warn plaintiff of its existence. The trial court granted defendants' motion. We reverse.[1]

The open and obvious doctrine provides that "if the particular activity or condition creates a risk of harm *only* because the invitee [or licensee] does not discover the condition or realize its danger" then liability is cut off "if the invitee [or licensee] should have discovered the condition and realized its danger." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d

---

[1] In addition to premises liability, plaintiff's complaint contained allegations sounding in ordinary negligence and nuisance. The trial court granted summary disposition to defendants on these claims as well. The parties do not present any substantial argument on ordinary negligence or nuisance on appeal, and we affirm the trial court's grant of summary disposition on these claims.

-1-

185 (1995).[2]  As a general rule a drop-off, like a step, does not in and of itself create a risk of harm since if seen a reasonable person can readily transverse it without incident.[3]  In this case, however, plaintiff argues that the danger from the drop-off arose "because [plaintiff] d[id] not discover the condition or realize its danger." *Id.*  Thus, the question is whether "[plaintiff] *should have* discovered the condition and realized its danger." *Id.* (emphasis added).

Whether plaintiff should have discovered the drop-off, turns on whether "an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented by the condition upon casual inspection." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 578-577; 844 NW2d 178 (2014) (quotations and citation omitted). If so, the condition is open and obvious, and no duty to warn arises.  A defendant is entitled to summary disposition on the basis of the open and obvious doctrine "[i]f the plaintiff alleges that the defendant failed to warn of the danger, yet no reasonable juror would find that the danger was not open and obvious." *Bertrand*, 449 Mich at 617.  In order for a plaintiff's claim to survive a defendant's motion for summary disposition on open and obvious grounds, the plaintiff must "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of [the condition.]" *Novotney v Burger King Corp*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

Therefore, we must determine whether, based on the evidence presented, there is a genuine factual dispute regarding whether an average user of ordinary intelligence acting under

---

[2] Plaintiff argues that she should properly be considered an invitee because the dinner party at defendants' house was a work-related party.  However, the evidence does not support this conclusion.  Plaintiff did work at the University of Michigan with defendant Debra Franchi, but both testified at their depositions that only two other University of Michigan employees attended the party, and defendant Dean Franchi testified at his deposition that 50-60 people had been invited to the party and that about 20-25 people attended.  Additionally, during plaintiff's deposition, she distinguished defendants' party from her employer's holiday party.  This evidence shows that plaintiff is properly classified as a licensee at the time of her injury. A premises possessor does not owe a duty to a licensee to make the premises safe, but does owe a duty "to warn the licensee of hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

[3] While "the danger of tripping and falling on a step is generally open and obvious[,] . . . where there is something unusual about the steps because of their character, location, or surrounding conditions, then the duty of the possessor of land to exercise reasonable care remains." *Perkoviq v Delcor Homes-Lake Shore Pointe, Ltd*, 466 Mich 11, 17-18; 643 NW2d 212 (2002) (quotations omitted).  See also, *Bertrand* at 624 (though no duty to warn because step was open and obvious, a question of fact existed whether the step itself, given its location and traffic, created an unreasonable risk of harm).

the conditions as they existed at the time plaintiff encountered the drop-off would have been able to discover it on casual inspection. See *id.*

Plaintiff presented evidence in the form of deposition testimony from several other party guests establishing that the drop-off into the mud room was not discoverable upon casual inspection at the time she encountered it. Guest Endia Simmons testified that she was walking with plaintiff when plaintiff fell. Simmons testified, "[W]e didn't realize that there was a step down because there [were] no lights in that particular room." Simmons further testified that "you could not see that there was a level down" and stated that "[i]t just looked like it was straight across." Simmons also stated that had she been walking ahead of plaintiff she likely would have fallen. Guest Ebony Whisenant, while acknowledging that she did not specifically see plaintiff fall, corroborated Simmons's description of the mud room entrance testifying at her deposition that the hallway into the mud room looked level and that the height differential could not be seen. Whisenant described the mud room as "very dark." Additionally, while the deposition testimony of the guests was not unanimous as to the lighting condition of the hallway adjacent to the mud room, everyone, including defendant Dean Franchi, was in agreement that the light inside the mud room was turned off at the time of plaintiff's fall. The photographs submitted by the parties also demonstrate that the drop-off is not easily seen, even with sufficient lighting. The testimony and photographs clearly demonstrate a question of fact of whether an average user acting under the conditions existing when plaintiff approached the mudroom would have been able to discover the drop-off upon casual inspection.[4]

This case is distinguishable from *Novotney*, where we determined that summary disposition was appropriate. In that case, plaintiff did not assert that the handicap ramp could not be seen by an average person; she alleged only that she didn't notice it even though it was daytime. In the case now before us, plaintiff asserts that given the absence of lighting, the drop-off could not be seen by an average person and presents evidence through the testimony of third parties and photographs to support that assertion.

Defendants also argue that the drop off or height differential was open and obvious because plaintiff could have turned on a light switch that was located at the entry to the mudroom that would have illuminated the mud room. However, this is not a duty question but is instead a question of comparative negligence. See *Lamp v Reynolds*, 249 Mich App 591, 599-600; 645 NW2d 311 (2002). The open and obvious doctrine focuses on the condition of the premises and the hazard as they existed at the time the plaintiff encountered them. See *Novotney*, 198 Mich App 475. There is no additional requirement that the plaintiff take reasonable steps to improve the visibility of the alleged hazard. Defendants' argument that plaintiff should have discovered and turned on the light switch is not merely a statement that plaintiff should have looked where she was going but is a statement that she should have altered the premises' condition by turning on the lights.

---

[4] Susan Blackwell and plaintiff testified that they were directed by Debra Franchi to put their purses in the mud room. Debra Franchi testified that they went in on their own initiative.

Because the determination of whether defendants' owed plaintiff a duty to warn of the drop-off will depend on how the conflicting testimony regarding whether the drop-off was open and obvious is resolved, the conflicting testimony must be submitted to the jury, and the trial court's grant of summary disposition to defendant was erroneous.  See *Bertrand*, at 449 Mich at 617.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher