*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF BRITTEN,

        Plaintiff-Appellee,

v

CIRCLE H STABLES, INC.,

        Defendant-Appellant.

FOR PUBLICATION
September 14, 2023
9:05 a.m.

No. 360427
Grand Traverse Circuit Court
LC No. 20-035618-NO

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Defendant, Circle H Stables, Inc., appeals by leave granted[1] the trial court's December 28, 2021 and February 9, 2022 orders partially denying its motion for summary disposition. Plaintiff, Jeff Britton, was injured while partaking in a horseback ride offered by defendant. Plaintiff brought this action under the Equine Activity Liability Act (EALA), MCL 691.1661 *et seq.*, which limits the liability of qualifying defendants for injuries that are the result of risks inherent in equine activities. Before his ride, plaintiff executed a waiver. At issue in this appeal is the significance of that waiver under the EALA. The EALA's grant of immunity does not extend to an entity like defendant if that entity "commits an act or omission that constitutes a willful or wanton disregard for the safety of the participant." MCL 691.1665(d). But another provision of the EALA allows persons to "agree in writing to a waiver of liability beyond the provisions of this act and such waiver shall be valid and binding by its terms." MCL 691.1664(2). When read together, these portions of the EALA seemingly permit waivers of willful or wanton misconduct, and the parties do not contest that the waiver plaintiff signed released defendant from liability for such conduct. Yet, under the common law, a waiver cannot insulate a party from liability for willful or wanton misconduct. See, e.g., *Lamp v Reynolds*, 249 Mich App 591, 594; 645 NW2d 311 (2002). At issue in this appeal is whether the EALA abrogated this area of the common-law for actions brought under the EALA. We hold that it did. Accordingly, we reverse the trial court's partial

---

[1] *Britten v Circle H Stables, Inc*, unpublished order of the Court of Appeals, entered August 16, 2022 (Docket No. 360427).

denial of defendant's motion for summary disposition and remand for the trial court to enter an order granting defendant's motion in full.

## I. BACKGROUND

Although there are significant factual disputes about the relevant events, the core facts are undisputed. On June 19, 2018, plaintiff and his then-wife partook in a horseback ride offered by defendant. Before the ride, plaintiff signed a waiver. During the ride, defendant's employee offered plaintiff and his then-wife a "trot," and they accepted. Midway through the trot, plaintiff lost his balance and fell from his horse, and the horse fell on top of him, causing serious injuries.

Plaintiff commenced this action in December 2020. In his complaint, plaintiff acknowledged that the EALA grants broad immunity to entities like defendant, but argued that his claims fell into the EALA's exemptions to immunity in MCL 691.1665. As relevant to this appeal, defendant moved for summary disposition on all of plaintiff's claims, arguing that they were barred by the waiver he signed before his ride. According to defendant, in that waiver, the parties agreed to release defendant from liability for any of the exemptions to immunity listed in MCL 691.1665, which was expressly permitted by MCL 691.1664(2).

After listening to oral arguments on defendant's motion and taking the matter under advisement, the trial court eventually issued a ruling from the bench. As relevant to this appeal, the trial court held that the waiver plaintiff signed released defendant from liability for all of plaintiff's claims except his claim that defendant's conduct constituted "willful or wanton disregard" for plaintiff's safety under MCL 691.1665(d). For that claim, the trial court reasoned that summary disposition was improper because there were questions of fact whether defendant's conduct amounted to a willful or wanton disregard for plaintiff's safety.

This appeal followed.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). Issues of statutory interpretation, including whether the common law has been abrogated by statute, are likewise reviewed de novo. *Id*.

## III. ANALYSIS

Under the EALA, subject to certain statutorily enumerated exemptions, "an equine activity sponsor, an equine professional, or another person is not liable for an injury to or the death of a participant or property damage resulting from an inherent risk of an equine activity." MCL 691.1663. It is not disputed that defendant is an "equine activity sponsor" within the meaning of MCL 691.1662(d), and plaintiff was injured when "engage[d] in an equine activity" within the meaning of MCL 691.1662(a). The EALA provides five enumerated exclusions from its general grant of immunity:

> [MCL 691.1663] does not prevent or limit the liability of an equine activity sponsor, equine professional, or another person if the equine activity sponsor, equine professional, or other person does any of the following:

(a)  Provides equipment or tack and knows or should know that the equipment or tack is faulty, and the equipment or tack is faulty to the extent that it is a proximate cause of the injury, death, or damage.

(b)  Provides an equine and fails to make reasonable and prudent efforts to determine the ability of the participant to engage safely in the equine activity and to determine the ability of the participant to safely manage the particular equine.  A person shall not rely upon a participant's representations of his or her ability unless these representations are supported by reasonably sufficient detail.

(c)  Owns, leases, rents, has authorized use of, or otherwise is in lawful possession and control of land or facilities on which the participant sustained injury because of a dangerous latent condition of the land or facilities that is known to the equine activity sponsor, equine professional, or other person and for which warning signs are not conspicuously posted.

(d)  If the person is an equine activity sponsor or equine professional, commits an act or omission that constitutes a willful or wanton disregard for the safety of the participant, and that is a proximate cause of the injury, death, or damage.

(e)  If the person is not an equine activity sponsor or equine professional, commits a negligent act or omission that constitutes a proximate cause of the injury, death, or damage.  [MCL 691.1665.]

The EALA also provides that "[t]wo persons may agree in writing to a waiver of liability beyond the provisions of this act and such waiver shall be valid and binding by its terms."  MCL 691.1664(2).  There is no dispute that the parties agreed to such a written agreement, nor is there any dispute that the waiver they agreed to is comprehensive.[2]  Correspondingly, there is no dispute that plaintiff permissibly agreed to release defendant from liability for the exclusions to the EALA's grant of immunity that would otherwise exist pursuant to MCL 691.1665(a), (b), and (c).[3]  At issue is whether this waiver also released defendant from liability for conduct covered by MCL 691.1665(d).

As a general matter, "[i]t is well established in this jurisdiction that, although a party may contract against liability for harm caused by his ordinary negligence, a party may not insulate himself against liability for gross negligence or wilful and wanton misconduct."  *Lamp*, 249 Mich App at 594.  Pursuant to the Michigan Constitution, common-law principles such as this remain in effect "until they expire by their own limitations, or are changed, amended or repealed."  Const 1963 art 3, § 7.  "With respect to questions involving a statute, this means that this Court must read the statutory language in light of the common law except to the extent that the Legislature has

---

[2] We offer no opinion on the correctness of this assertion because neither party contests it.

[3] Also, because it is not disputed that defendant is an "equine activity sponsor" within the meaning of MCL 691.1662(d), it is not disputed that MCL 691.1665(e) cannot apply to this defendant.

abrogated or modified it." *Al-Hajjaj v Hartford Accident & Indem Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359291); slip op at 5. The question we address on appeal is whether the Legislature abrogated the common-law rule that a party may not insulate itself against liability for willful or wanton misconduct for actions brought under the EALA.

As our Supreme Court recently explained:

> The Legislature may alter or abrogate the common law through its legislative authority. Yet the mere existence of a statute does not necessarily mean that the Legislature has exercised this authority. We presume that the Legislature knows of the existence of the common law when it acts. Therefore, we have stated that we will not lightly presume that the Legislature has abrogated the common law and that the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law. As with other issues of statutory interpretation, the overriding question is whether the Legislature intended to abrogate the common law. [*Murphy v Inman*, 509 Mich 132, 153; 983 NW2d 354 (2022) (quotation marks, citations, and alterations omitted.).]

Turning to the act at issue, "the EALA was enacted by the Legislature in an attempt to encourage equine-related activities by limiting civil liability for injuries resulting from risks associated with those activities[.]" *Amburgey v Sauder*, 238 Mich App 228, 245; 605 NW2d 84 (1999). See also *Cole v Ladbroke Racing Michigan, Inc*, 241 Mich App 1, 12; 614 NW2d 169 (2000) ("The legislative history shows that the purpose behind the EALA was to protect commercial riding stables from claims for damages resulting from the inherent risks of horseback riding and being around horses."); *Woodman v Kera LLC*, 486 Mich 228, 292; 785 NW2d 1 (2010) (recognizing that the EALA represents a public policy that certain risky activities, and the providers of such activities, are worthy of some protection from liability). This Court has long recognized that "the EALA supersedes the common law in those situations covered by the act." *Amburgey*, 238 Mich App at 246. See also *Beattie v Mickalich*, 486 Mich 1060, 1060 (2010) (citing *Amburgey* in support of the assertion that the EALA abolished the common-law theory of strict liability for injuries caused by certain domestic animals as it relates to equines).

When the EALA was first enacted, it excluded negligent conduct from its grant of immunity for entities like defendant in this case. See MCL 691.1665(d) as enacted by 1994 PA 351. In 2015, the Legislature amended the EALA. See 2015 PA 87. That amendment made it so that "an equine activity sponsor or equine professional" (such as defendant) could no longer be held liable for negligent conduct; instead, such a defendant could only be held liable for conduct amounting to "willful or wanton disregard for the safety of the participant." MCL 691.1665(d).[4] Yet, both before and after 2015 PA 87, the EALA provided that two persons could "agree in

---

[4] 2015 PA 87 became effective September 21, 2015. The effective date of 2015 PA 87 is important because the parties rely on two unpublished opinions from this Court that predate the amendment to the EALA. See *Hawkins v Ranch Rudolph, Inc*, unpublished per curiam opinion of the Court of Appeals, issued September 27, 2005 (Docket No. 254771); *Terrill v Stacy*, unpublished per curiam opinion of the Court of Appeals, issued February 28, 2006 (Docket No. 265638). Because both cases predate the amended version of the EALA, neither is instructive for our present inquiry.

writing to a waiver of liability beyond the provisions of" the EALA. MCL 691.1664(2). Thus, the precise question on appeal is whether the Legislature intended to abrogate the common-law rule against waiving liability for willful or wanton misconduct with its enactment of 2015 PA 87.

Based on the plain language of the EALA as amended by 2015 PA 87, and consistent with the underlying intent and purpose of the EALA, we conclude that the Legislature did. MCL 691.1664(2) states that "[t]wo persons may agree in writing to a waiver of liability beyond the provisions of this act and such waiver shall be valid and binding by its terms." A strictly literal reading of the phrase "beyond the provisions of this act" in MCL 691.1664(2) might suggest that the EALA permits parties to waive *anything*. But reading the statutory language in context and in light of the statute's purpose, as we must, see *Maples v State*, 507 Mich 461, 470-471; 968 NW2d 446 (2021), it is plain that waivers of liability "beyond the provisions of" the EALA are not unlimited. Rather, given the broad immunity already conferred by the EALA, the most logical interpretation of MCL 691.1664(2) is that waivers available under that subsection permit parties to waive the exemptions to the EALA's immunity found in MCL 691.1665.

As already explained, in 2015 PA 87, the Legislature expanded the general grant of immunity under the EALA—and correspondingly narrowed the relevant exemption—for equine activity sponsors and equine professionals. Before 2015 PA 87, such defendants could be held liable for negligent conduct. As amended, MCL 691.1665(d) exempts only "willful or wanton disregard for the safety of the participant" from an otherwise all-encompassing grant of immunity for equine activity sponsors or equine professionals. That exemption is one of five exemptions listed in MCL 691.1665, and nothing in the statute suggests that subsection (d) should be treated differently from the other listed exemptions. Therefore, to the extent parties may contract to waive conduct that would otherwise result in liability pursuant to any of the exemptions in MCL 691.1665, nothing in that section suggests that a waiver cannot encompass "an act or omission that constitutes a willful or wanton disregard for the safety of the participant" under subsection (d).

On the basis of the foregoing, we conclude that the only plausible reading of the EALA is that the Legislature intended to abrogate the common-law rule against waiving liability for willful or wanton misconduct with its enactment of 2015 PA 87. The logical interpretation of MCL 691.1664(2) is that it permits parties to waive the exemptions set forth in MCL 691.1665, and nothing in the EALA suggests that any of its exemptions in MCL 691.1665 are unwaivable. This leads to the inescapable conclusion that, by enacting 2015 PA 87, the Legislature not only expanded the scope of immunity granted by default to equine activity sponsors and equine professionals, it necessarily expanded the range of conduct for which liability could be waived. Thus, a waiver under MCL 691.1664(2) may include a waiver of liability for "an act or omission that constitutes a willful or wanton disregard for the safety of the participant" committed by an equine activity sponsor or equine professional. By permitting waiver of such conduct, the Legislature necessarily abrogated the common-law rule against waiving liability for willful or wanton misconduct for actions under the EALA.

In arguing against this result, plaintiff contends that the phrase "waiver of liability" as used in MCL 691.1664(2) is a legal term of art which must be given its established legal meaning. See MCL 8.3a; *People v Wright*, 432 Mich 94, 92; 437 NW2d 603 (1989). According to plaintiff, waivers of liability have long been understood to exclude gross negligence or willful or wanton misconduct, and so a "waiver of liability" under the EALA must likewise not extend to gross

negligence or willful or wanton disregard. Fatal to plaintiff's argument is his failure to cite any authority in support of his contention that "waiver of liability" is, in fact, a term of art, or that it has otherwise acquired a peculiar meaning in the law. Construing a word or phrase as a term of art is the exception to the general rule that statutory terms are to be given their plain and ordinary meaning. See MCL 8.3a; *People v Thompson*, 477 Mich 146, 151; 730 NW2d 708 (2007) ("Pursuant to MCL 8.3a, undefined statutory terms are to be given their plain and ordinary meaning, unless the undefined word or phrase is a term of art."); *Yang v Everest Nat'l Ins Co*, 507 Mich 314, 322; 968 NW2d 390 (2021) (explaining that undefined words "are generally presumed to have their ordinary meaning" unless they have "been subject to judicial interpretation") (quotation marks and citations omitted). Without providing any support for his argument that "waiver of liability" is, in fact, a term of art or that the Legislature intended the language in MCL 691.1664(2) to have anything other than its ordinary meaning, we consider plaintiff's argument abandoned. See *Henderson v Dep't of Health and Human Servs*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359840); slip op at 6.

## IV. CONCLUSION

Pursuant to the plain and unambiguous language of the EALA, defendant is immune from liability for, in relevant part, everything short of willful or wanton disregard for plaintiff's safety. However, the EALA permits the parties to waive liability for conduct "beyond the provisions" of the EALA, which necessarily permits them to waive liability for the enumerated exemptions to the general grant of immunity in MCL 691.1665. It follows that the EALA necessarily permits parties to waive liability for "an act or omission that constitutes a willful or wanton disregard for the safety of the participant" under MCL 691.1665(d). Although liability for such conduct would not ordinarily be waivable under the common law, the Legislature may abrogate the common law if it does so clearly. We hold that with the enactment of 2015 PA 87, the Legislature clearly intended to abrogate this area of the common law for actions under the EALA. Accordingly, plaintiff permissibly agreed to release defendant from liability for conduct that constitutes a willful or wanton disregard of plaintiff's safety, and defendant was entitled to summary disposition under MCR 2.116(C)(7) on plaintiff's claim brought under MCL 691.1665(d).

Reversed in part and remanded for the trial court to enter an order granting defendant's motion for summary disposition in full. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney