*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK CHRISTIANSEN,

      Plaintiff-Appellant,

v

KEVIN ARMBRUSTMACHER and WIEBER LUMBER, INC,

      Defendants-Appellees.

UNPUBLISHED
December 15, 2025
11:46 AM

No. 372574
Ionia Circuit Court
LC No. 2023-035867-NI

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Plaintiff was injured in a motorcycle accident, which he claims defendants' negligent conduct caused. The trial court found plaintiff to be more than 50% at fault and thus entered summary disposition in defendants' favor. We vacate and remand for further proceedings.

## I. BACKGROUND

On a spring day in April 2022, defendant, Kevin Armbrustmacher, drove a flat-bed truck loaded with deck materials for his employer, defendant Wieber Lumber, Inc. A hi-lo forklift was attached to the truck's rear. Armbrustmacher drove eastbound on M-21, a two-lane highway that traverses Ionia Township. On his approach to Stage Road, Armbrustmacher braked and slowed to turn left across the oncoming lane and onto northbound Stage Road; he also says he switched on his left-hand turn signal before doing so.

Plaintiff, Mark Christiansen, drove his motorcycle behind Armbrustmacher's truck, admittedly above the 55 miles-per-hour speed limit. He "noticed [Armbrustmacher] was starting to slow down but his brake lights didn't work," and thought Armbrustmacher was preparing to turn right (to the south). So Christiansen decided to pass the truck on the left at the intersection—at that time, according to Christiansen, Armbrustmacher turned the truck left without activating his left blinker. A later-prepared police report indicates Christiansen said "the truck had turned his right turn signal on." Christiansen could not brake in time to prevent the collision, and he chose instead to jump off his motorcycle. He suffered significant back and leg injuries.

-1-

When interviewed at the scene, Armbrustmacher acknowledged—and the responding police officer's body-camera footage confirms—that the hi-lo's left lights were not working. A passing driver who observed the accident, Belinda Cadena, did not see a blinker activated on Armbrustmacher's truck and heard Armbrustmacher say that it "wasn't working." Sarah Broderick, a witness who arrived just after the accident, heard Christiansen "shout[] the lumber truck did not have its turn signal on." After the accident, one of Wieber Lumber's employees "reattach[ed]" some of the flatbed's lights because they "looked loose." Defendant's expert opined that the accident could have caused the lights to "cease functioning." Officers ultimately cited Christiansen for "improper lane use."

Plaintiff subsequently commenced this two-count lawsuit. Count I asserts that Armbrustmacher negligently operated the truck in numerous ways, including by "failing to signal a left turn," and "operating a motor vehicle without lights and signals that were operating properly." As for Count II, it seeks to hold Wieber Lumber liable for Armbrustmacher's alleged negligence. On defendants' motion for summary disposition under MCR 2.116(C)(10), the trial court entered judgment in their favor. Plaintiff appeals.

## II. ANALYSIS

Under the no-fault act, MCL 500.3101 *et seq.*, "[a] person remains subject to tort liability for noneconomic loss caused by his . . . use of a motor vehicle . . . if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). But the act's comparative fault-regime bars the recovery of damages for persons who are "more than 50% at fault." MCL 500.3135(2). "Fault," in turn, means "the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his damages." *Lamp v Reynolds*, 249 Mich App 591, 599; 645 NW2d 311 (2002). "The standards for determining the comparative negligence of a plaintiff are indistinguishable from the standards for determining the negligence of a defendant, and the question of a plaintiff's own negligence for failure to use due care for his own safety is a jury question unless all reasonable minds could not differ or because of some ascertainable public policy consideration." *Rodriguez v Solar of Mich, Inc*, 191 Mich App 483, 488; 478 NW2d 914 (1991).

In granting summary disposition, the trial court concluded there was no genuine issue of material fact that the truck's lights were working, that Armbrustmacher used his signal, and that Armbrustmacher was not distracted. Based on those conclusions, the trial court held no reasonable juror could conclude that Armbrustmacher was more at fault because Christiansen "knew" that "Armbrustmacher was slowing down to make a turn and despite not seeing a turn signal for one direction or the other, made an assumption of which way the truck was going to turn. He then took actions to pass rather than slowing down to allow the turn to be completed since he had no clear indication of the intended direction." On de novo review, *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999), we cannot agree that "no reasonable juror could find that defendant was

more at fault than [plaintiff] in the accident as required by MCL 500.3135(2)(b)," *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003).[1]

In Armbrustmacher's view, Christiansen caused the crash by failing to operate his motorcycle in a manner that would "permit a stop within the assured, clear distance ahead," MCL 257.627(1), and by attempting an unreasonable pass, MCL 257.636. "One could believe" Christiansen's conduct—speeding and attempting to pass the truck instead of slowing down—meant that he was more than 50% at fault. *McDuffie v Neal*, ___ Mich ___; 21 NW3d 205, 207-208 (2025). "But the evidence also supports the conclusion that [Armbrustmacher] acted without ensuring that the turn could be safely made and without using functional turn signals to notify surrounding drivers." *Id.*; see also MCL 257.648(1); MCL 257.650(1).

We focus here on Armbrustmacher's disputed contention that he activated his turn signal. In addition to the two witnesses to the accident (Christiansen and Cadena) not observing a blinker, other evidence indicates the signal mechanism was not working—contemporaneous statements by Armbrustmacher and Christiansen suggest as much, and, perhaps most importantly Wieber Lumber employees found the lights to not be connected following the accident. With this evidence, together with Armbrustmacher's deposition testimony reflecting uncertainty as to whether he inspected the hi-lo's lights before traveling, "reasonable minds could differ on which driver was more at fault for the crash, [and thus] MCL 500.3135(2)(b) does not bar recovery for plaintiff." *McDuffie*, 21 NW3d at 208.

Armbrustmacher asserts on appeal that, even if there is a fact dispute concerning his use of a blinker, he is still entitled to summary disposition due to Christiansen's failure to reduce his speed in light of Armbrustmacher's slowing, MCL 257.627(1), and that Christiansen unreasonably believed Armbrustmacher was going to turn right. Viewing the record in Christiansen's favor, a jury could fault Armbrustmacher more for failing to signal than Christiansen's failure to appropriately brake (especially in light of Armbrustmacher's failure to signal). We also note that some evidence supports an inference that Armbrustmacher had his right signal on, and even if not, we view that fact alone as one that is not outcome determinative when considering the parties' conduct in the totality of the circumstances.

III.  CONCLUSION

For these reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[1] We agree, however, with the trial court's conclusion that the federal regulations concerning lights on commercial vehicles did not mandate that the hi-lo's lights "be capable of operating at all times," 49 CFR 393.9(a), and do not address plaintiff's newly developed-on-appeal argument asserting the truck's lights were obstructed by the hi-lo, see *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008).